PIERCE & PIERCE *against* DRAKE.

THIS was an action of assumpsit for goods sold and delivered. The cause was tried at the *Otsego* circuit, before Mr. J. *Platt.*

At the trial, the counsel for the plaintiffs offered to prove, that on the 4th of *January,* 1815, the defendant proposed to sell the plaintiffs a note drawn by the President and Directors of the *Otsego* Card and Wire Manufactory, for 509 dollars and 92 cents, and also two shares in the stock of the Factory, amounting to 224 dollars, and to receive payment in whiskey; that the defendant fraudulently represented. the Company to be good and responsible, and the stock to be worth 12 or 15 per cent. above par, knowing the Company to be insolvent and the stock worth nothing ; that upon this representation, the plaintiffs agreed to take the note and stock, and pay for the same in whiskey on demand; that soon afterwards the defendant applied for the whiskey, and the plaintiffs not having any on hand, made their two notes, or agreements in writing, by one of which they promised to pay the defendant, by the 1st of *March,* then next, 400 dollars, in whiskey, and by the other to pay him, by the 1st of *July,* then next, 324 dollars and 50 cents, in whiskey ; that at the time of making the first verbal agreement, and of the delivery of the whiskey, the Company was insolvent, which the defendant knew, and shortly after the whiskey was delivered, the Company discontinued business ; and that when the plaintiffs had discovered that the Company was insolvent, they tendered the note and stock to the defendant, and demanded payment of the whiskey, which was refused. The counsel for the defendant objected to the

Where the defendant sold the plaintiff a note of the President and Directors of a certain Company, and also two shares of the stock of the Company, for which he was to be paid in whiskey, fraudulently representing the Company to be good and responsible, when, in fact, he knew them to be insolvent, and the plaintiffs executed their notes or agreements, to deliver the whiskey at a future period, which they delivered accordingly, and having afterwards discovered the insolvency of the Company, tendered to the defendant, the note and stock, which they had received from him; it was held, that the special contract was vitiated by the fraud of the defendant, by which the presumption, that the note and stock were taken as payment, was re-

pelled ; that had the plaintiffs been sued by the defendant for the non-delivery of the whiskey, his fraud would have been a defence to the action, and that the plaintiffs having delivered the whiskey might recover the price of it, under a count for goods sold and delivered.

Where the vendor of goods is induced to take the promissory note of a third person as payment, by a fraudulent representation of the solvency of that person, the note is no satisfaction, and he may maintain an action against the purchaser for the price of the goods.

NEW-YORK,
October, 1818.

BROMAGHIN
v.
THORP.

testimony offered, on the ground that it was inadmissible under the declaration. The counsel for the plaintiffs then offered to prove, that at the time the contract was made, it was expressly agreed that the note was to be taken by the plaintiffs at the risk of the defendant, and not at their own risk; but the evidence was overruled, and the plaintiffs were nonsuited.

. The plaintiffs moved to set aside the nonsuit, and the case was submitted without argument.

*Per Curiam.* The case of *Wilson* v. *Foree,* (6 *Johns. Rep.* 110.) is in point to show that a note taken under such circumstances, is no payment. That case also shows, that the special contract as to the manner of payment being void on account of the fraud, the plaintiff may disregard it, and bring assumpsit for goods sold. The fraudulent representations made by the defendants vitiated the whole contract as to payment. There can be no question that this would have been the situation of the parties, had not the plaintiffs given their notes for the delivery of the whiskey at a future day; but this cannot alter the situation of the parties. Those notes were given under the same deception, occasioned by the fraudulent conduct of the defendant; they cannot be binding on the plaintiffs. This fraud would have been a good defence to these notes, had it been known to the plaintiffs before the whiskey was delivered, of which, however, there is no evidence. The nonsuit must, therefore, be set aside, and a new trial awarded.