*393
 
 Taylor, Chief-Justice.
 

 The warrant in this case stafes a demand, which in amount, is within the jurisdiction of a magistrate, and this ought to appear in every case ; but if upon the evidence, the subject matter is shown to be without his jurisdiction, the objection" may be availed of at any time. The objections raised to the Plaintiff’s recovery arc, that his action for tire sale of the rifle is extinguished, and his remedy is on the undertaking to take back the notes. I apprehend the rule to be, that where a particular mode of payment is agreed on, which is not complied with, the Plaintiffs may sue on tire original contract of sale, after the term of credit expired; as in the case of
 
 Brooke
 
 and other s against
 
 While
 
 — there goods were sold on two months credit, to be paid for by a bill at twelve months; and th<* goods not being paid for after the expiration of fourteen months, the vendor recovered in an action for goods sold and delivered.— Ii was insisted in that ease, that the Plaintiffs ought to have declared upon a special contract, for not having given tho bill agreed upon ; for that where any thing is agreed to be done besides tire mere payment of money, the contract is not a sale, but a special agreement. But tin Court said, that if the bill be not given, he may bring an action on the special contract, because lie is d<prived of the particular security agreed upon; but when the Whole time is expired, and no bill lias been given, lie may bring an action for the money which is then due. After the expiration of the period of credit, it is of no use to give the bill, for the party is then entitled to receive bis money. (1 JV*.
 
 Rep.
 
 330.) The qualified mode of payment being introduced for the benefit of the purchaser, w Idle the contract is executory, an action must be brought- on the special agreement; when it i« executed, an action may be brought for the price of the goods. I understand the substance of the contract between these parties to have been, that the Defendant bought a rifle from the Plaintiff for twenty-five dollars, for which he
 
 *394
 
 agreed to give him a no(e of
 
 Warner’s
 
 and
 
 Oneal’s
 
 originally payable to Farris, together with a small judg-meat against
 
 McKay.
 
 These papers the Defendant pro-^¡ggj †0 (ajie haCk if they were not good, and restore the rifle or pay the money. Whenever therefore, the Plaintiff was able to show that the ¡tapers were not good, he might tender them to the Defendant, and bring an action for the money. Some cases have been cited for the Defendant, to establish the point of extinguishment of the action for the price of the rifle
 
 ;
 
 but on a careful examination of them, they all appear to me to be decided on a distinct ground. The case of
 
 Whitlock
 
 v.
 
 Van Ness,
 
 (9
 
 Johns.
 
 409,) presented tiie question, whether the seller of a horse, agreeing to receive the note of a third person payable in six-months for the price, and the note not being paid, can recover against the purchaser. It was decided that he. could not, because the circumstances of the case show, that the seller considered himself as taking the note at his own risk, and the purchaser not endorsing it or guarantying it, clearly declined pledging his own responsibility. The opinion given is entirely consistent with the Plaintiff’s right to recover on the original sale, if the note liad been taken at the risk of the purchaser, and had not been paid. The case of
 
 Breed
 
 v.
 
 Cook
 
 &
 
 Caldwell,
 
 turns on the same principles, and shows that if on the sale of the goods, the vendee delivers to the vendor the promissory note of a third person, which he refuses to endorse, it is to be considered as payment, and the vendor cannot afterwards resort to the vendee, unless the note was forged, or there was fraud or misrepresentation on his part, as to tiie solvency of the maker. (15
 
 Johns.
 
 241.) The only question in the case was whether the note was a payment, and it being held to be so, the contract of course was at an end ; no action of any kind could be brought. But if the note had not been a payment, the Plaintiffs might have recovered for the property sold. The other case cited of
 
 Pierce
 
 v.
 
 Drake.
 
 
 *395
 
 (15 Johns. 475,) proves only that if the vendor of goods is induced to take the promissory note of a third person as a payment, by a fraudulent representation of the sol-veney of that person, the note is no satisfaction,'and he may maintain an action against the purchaser, for the price of the goods. If the Plaintiff in this case had taken the note and judgment at his own risk, this action would not have been sustainable, for the contract then would have been extinguished by performance.
 

 The magistrate then had jurisdiction of the claim, and the nature of the enquiries necessary to be entered into, as a defence to the claim, cannot oust that jurisdiction. For though it has been held, and I think riglCly, that the act giving jurisdiction to the magistrates excludes cases, which sound in damages for the bread) of a special .agreement, yet if they have the jurisdiction of the principal subject of tiie cause, it must draw after it the incidental matters of defence. A different principle would lead to the grossest injustice, by giving to Plaintiffs, advantage,s which they'won Id not have, if they liad brought a suit. In this view, the Defendant could not set off a judgment recovered in Court, against a debt claimed by warrant, because the Justice could not take cognizance, of a sum so large. Or suppose the parties had submitted all matters in dispute to arbitration, and the submission was by bond,'the penalty of which exceeded the magistrate’s jurisdiction, if the award had found a sum due to the Defendant, after crediting tise Plaintiff’s account it would be unjust to allow the Plaintiff to recover in the face of the award. On this part of the case, nothing can be added to what was said by Judge Henderson, in the
 
 State
 
 v.
 
 Alexander.
 
 “ If it be admitted, that the Justice has jurisdiction over Ibis case, lie must of necessity, have power of examining every question which would form a defence.” (4
 
 Hawks,
 
 186).
 

 As to the charge of the Court, on the subject of diligence, it appears to me to have been highly favorable to
 
 *396
 
 the Defendant, and requiring more from the Plaintiff, than the circumstances of the case, duly considered, could, warrant. The Defendant agreed to lake the papers back if they were not good, and as two of the parties to the note were certainly dead, and the other probably so, or had removed away — the party to the judgment insolvent, as well as the parties to the note when if was given, it would have been sufficient to have ascertained these, facts by'a proper enquiry, and then to have relumed the papers in a much shorter time than the Plaintiff took. No injury or loss could arise to the Defendant by Hie act of the Plaintiff, for the papers were of no value, when he received them.
 

 In relation to that part of the charge, which is connected with the alleged tender, and the law arising from
 
 Carrow’s
 
 evidence
 
 ;
 
 I think it was correct, since the Defendant disavowed having any thing to do with the Plaintiff, when asked to take hack the papers. The case of
 
 Read
 
 v.
 
 Goldring,
 
 (2
 
 M.
 
 &
 
 S.
 
 85,) is much in point. Nor can 1 perceive any incorrectness in the* tender of the judgment, if made, and this the Jury, have decided upon, for it was authorized by
 
 Colson
 
 delivering it to the Plaintiffs. I am of opinion that the judgment should be affirmed.
 

 Per Curiam. — Judgment affirmed.