Judge Hitchcock
delivered the opinion of the court:
The question for the consideration of the court is whether, upon the proof of the facts stated, the plaintiff would have a right to recover in this form of action.
The contract or agreement stated by the plaintiff’s counsel is •one of no ordinary character. It is not one by which the parties •agree to sell or lease land, but that they will, at some future period, agree that one or the other shall b.e done. The terms are not specified, but are left for future arrangement. No price is fixed, no length of time for which a lease shall run, should a lease be agreed upon, no time in which payment shall be made. Nothing, in fact, but that the plaintiff shall go into possession^ proceed with his works, and subsequently all shall be made right. *390 The reason why the business was thus transacted is to be found probably in the fact that the parties were brothers. But.notwithstanding the loose manner in which this agreement was made, I can not doubt that a court of chancery would compel the defendant to do justice. The circumstance that there was no writing could make no difference in such court. Possession was taken of the land, labor was performed, money expended, and it would be-a fraud on the part of the defendant not to comply with the contract. The statute was made not to encourage but to prevent frauds.
It does not follow, of course, that because chancery might relieve in a case like the present, therefore that law will in an action of assumpsit.
This action is founded upon the supposition that there was a contract which the plaintiff had a right to rescind in consequence of the conduct of the defendant. From the facts proposed to be proved, there can be no doubt the plaintiff *had a right to-rescind this contract. The defendant had put it out of his power to comply by disposing of the property to a third person. After this he could not hold the plaintiff to fulfill on his part. But what right accrues to the-plaintiff by rescinding? The law is well settled that where a vendee has a right in consequence of the conduct of the vendor to rescind, he may do it and recover back, in an action for money had and received, the amount paid upon the contract. 1 Term, 133; 5 Johns. 85. Upon this point there is no controversy. The principle is admitted by the defendant’s counsel. It would be immaterial whether the payment was made in money, or made in merchandise, or in work and labor. In either case ’the amount paid might be received; and upon the principle that the consideration for which the payment was made had failed.
In the present case the object is not, however, to recover for anything which was paid upon the contract, for nothing was paid. 'It is to recover for work and labor done by the plaintiff for his-own use and benefit while he was in possession of the property. A payment made to a vendor is for his benefit. But when this-labor was performed it was not for the benefit of the vendor, nor. supposed to be for his benefit. It was done with his knowledge- and approbation, but intended alone for the use of the plaintiff. Although done with the knowledge of the vendor, it was not done- *391 even at his request. I can not see, then, upon what reason the principle which authorizes a vendee to recover back money paid upon a contract which is afterward rescinded, can be applied to this case. It seems clear that it is an effort to extend this principle to a new class of cases. No authority precisely in point has been cited, and I presume no one favorable to the plaintiff’s claim can be found. The case of Gillett, Adm’r of Clemens, v. Maynard, 5 Johns. 85, is somewhat analogous to the one now before the court. In that case, however, money had been paid upon the contract, and the action was brought, not only to recover back this money, but also to receive pay for the improvements made while the intestate was in possession of the land. It was held by the court that the contract being rescinded, the plaintiff was entitled to recover back the money paid, with interest, but not any damages for *the labor he had bestowed, or the improvements he had made. Upon this part of the case the court say: “ The plaintiff, however, ought not to have received any compensation for the improvements. There was no express or implied undertaking by the defendant to pay for them. When the work was done by the intestate it was for his own benefit; and if he voluntarily abandoned his contract, without any stipulation for the improvements, he must be deemed to have waived all claim to them.” From the latter clause counsel infer that if the plaintiff’s intestate had not abandoned the contract, he might have recovered compensation for the improvements. Upon an examination of the case, however, I see no evidence of abandonment except the death of the vendee, unless the circumstance of suing to recover back the money paid, furnishes this evidence. If the case of Gillett v. Maynard be law, I think it must be decisive of this case. Here the work, when done, was done for the plaintiff’s benefit. There is no proof of any express promise, nor is there any implied promise on the part of the defendant to pay for it.
Further, the counsel for the plaintiff says: “ If the question is what damages have been sustained, you must declare on the special contract; if you go for the original consideration paid, you rescind and may rely on the common counts,” and in support of this position cites Towers v. Burrel, 1 Term, 133. Apply this principle to the present case, and it defeats the action. The plaintiff does not “go for the original compensation paid,” for no such consideration was paid. The-real object is to recover compensation in damages for *392 the labor performed. The plaintiff seeks to rescind the contract, and then to recover over and beyond what, according to the rules of law, as I have heretofore understood them, he has a right to recover upon that rescission. And no good reason can be assigned why he might not, with equal propriety, recover to any extent damages which he may have sustained in consequence of the failure •of the contract.
Had there been any express promise proven to pay for these improvements, the case would have been different. I conceive that there would be a moral obligation to constitute a sufficient consideration for such promise. The Supreme Court of the State of New York, in the case of *Frew v. Hardenburgh, 5 Johns. 272, hold differently. But in that case the plaintiff took possession of the land without the consent of the defendant, and held that possession until ousted by an action of ejectment. As there is no express, so neither is there anything from which to imply a promise, unless we establish -the broad principle that where there is a contract for the sale of land, and the contract fails in consequence of an act of the vendor, the vendee can recover pay for the improvements made, in an action for work and labor. I am not willing to establish this principle. It is not necessary for the furtherance of justice. The law provided a complete and adequate remedy in an action upon the contract; and I can not consent to give a new remedy for the purpose of saving this action.
No difference can be made in conseqence of this contract having been by parol. This is not the fault of the law but of the parties. If the plaintiff has been improvident in entering into the contract, the court can not with propriety change any known rule of law to hejp him out of his difficulty.
• I am aware that it is said that the action of assumpsit is a3 broad as a bill of equity. But it does not follow that if a plaintiff could have redress in a court of equity, he can therefore have redress in a court of law, provided he sues in assumpsit. Nor does it follow that because a plaintiff has an equitable claim against the defendant, he can enforce this claim if he sues in assumpsit. If he prosecutes his suit in a court of law, he must in assumpsit, as well as any other form of action, show that he has a legal right of action. When this is shown, the action will be governed by equitable principles.
As it would seem to be just that the plaintiff should receive a *393 -compensation for his improvements, we have reflected whether he might not recover upon the money counts, upon the ground that the defendant had received money for the improvements made by plaintiff, with which he might be charged as having received it to his use. But in this view of the case there is great, and, as it appears to me, insuperable difficulty.
The interest of the plaintiff in the premises is an equitable ^interest. Of this interest the defendant could not deprive him unless with his own consent. The legal estate alone was in the defendant, and if he transferred the land, it must be subject to the plaintiff’s equity, especially if transferred to a person having notice of this equity. Now the case shows that when this land was sold the plaintiff was in possession. The purchaser, then, must be chargeable with notice of all his rights. If so, then this equity may still be enforced. The plaintiff has been deprived of nothing but the possession, and to be restored to this, he must apply to the proper tribunal in the proper way. He may apply to a court of chancery for a specific performance of the contract, and if there has been no laches on his part I see no difficulty in his obtaining a decree, either in a specific performance, or for a compensation, as the merits of the case when presented may seem ■to require.
Upon the whole a majority of the court are of opinion that the nonsuit was properly ordered, and that the plaintiff take nothing •by his motion.
Wright, J.
My opinion does not accord with that of my brethren in this case. If the evidence offered was admissible under the issue, the nonsuit should be set aside. It is admissible if it tend to prove the issue. The declaration is for work, etc., in building a fulling mill, etc., for the defendant, for board, etc., furnished and paid for self and hands, for labor generally, for money paid and had and received, and on account stated. Issue is taken upon non assumpsit.
The plaintiff offered to prove that the defendant agreed with him to grant him, on a lease or purchase, as should be subsequently settled between them, about five acres of land, for the purpose of erecting a fulling mill, etc., and other buildings for manufacturing ■cotton, and put the plaintiff into possession under the agreement; and that the plaintiff built, with the knowledge and permission *394 of the defendant* the mill, and other buildings to the value of one thousand dollars, which, he paid two workmen for; whén the *defendant without the consent or knowledge of the plaintiff sold the land and improvement, received the pay for them, turned the plaintiff out of possession, and put the purchaser in. The labor and expenditures by the plaintiff were on the defendant’s-land. A jury would be warranted in inferring from the fact of the work being so done, that it was done for the defendant, and to oblige him to pay what they were worth. The evidence offered conduced directly to prove the issue, and should have’been re-, ceived. Whether the work was done and the money paid under a special agreement, which was open and subsisting, was a matter of fact to be proven before the jury. The ability to prove that state Of things would not have the effect to exclude evidence proper when offered. That there had been a special contract between the parties upon the subject of the suit, would not destroy the right to recover, in the common counts, unless open and.subsisting, and the suit were to recover damages arising out of a breach of the contract. But when a defendant refuses to execute a special contract, he is not permitted to set up that as a pretext-for retaining what he has received in payments under it; in such-cases the plaintiff may hold the contract abandoned and recover-on the common counts. 12 Johns. 275; 7 Johns. 132; 1 Ohio, 363; 7 Term, 177.
So where defendant has been guilty of fraud as to the special contract, the plaintiff may consider it void and recover on the common counts. 15 Johns. 475; 6 Johns. 110; 1 Com. on Con. 36; 1 Esp. 283; 2 Esp. 640.
So, also, where the contract is rescinded, or has been executed by .the plaintiff, or put an end to by defendant, the plaintiff may disregard the contract, and resort to the common counts in assumpsit to recover what he has paid. 7 Cranch, 299; 4 Bos. & Pul. 351; 6 Term, 136; 5 Johns. 84; Bull. N. P. 139; 18 Johns. 455; 11 Wheat. 250; 10 Johns. 37; 2 Mass. 415; Com. on Con. 317; Newman v. McGregor, 5 Ohio, 349; and it is not necessary to-give positive evidence of monej’-had and received, but when from-the facts proved it may be fairly presumed' the action is maintained. Doug. 137. The action, says Lord Mansfield, Cowp. 807, “ is *gaverned by the most liberal equity. Neither party is allowed to trap the other in form.”
*395 Whether there was, in fact, a special contract between these parties at all, or one still open, or that had originated in fraud by defendant, or which he had pu-t an end to or rescinded, or whether the plaintiff had fulfilled, and whether anything had been paid by the plaintiff upon it in money, labor, or board, were, in my' opinion, questions of fact, and should have been left to the jury upon the proof, on broad and liberal principles of equity. 11 Wheat. 250. I am, therefore, on that ground, for opening up thenonsuit and allowing a new trial. I incline to go much farther-than is necessary to decide this case, and to hold that wherever' one man has availed himself of the labor, goods, or money of another, recovery may be had in this form of action, for just what in equity and good conscience the party is entitled to, all things considered; subject only to this limitation, that where there was a contract price no recovery shall be had for a greater sum than the one stipulated for. I can see no evil or inconvenience that would result from this. A recovery in this form would be as perfect a bar to the subsequent action, as if had in a suit upon the special contract, and each party may obtain a full statement of the real cause of action,'by demand for a bill of particulars under our-law. The proceeding is a simple one, and looks directly to the attainment of justice. Why, then, in such cases turn a plaintiff round into a court of chancery, or to a suit upon the special contract ?