## BAKER *vs.* ROBBINS.

A party who upon the sale of goods receives from the purchaser a promissory note made by a third person in payment, and afterwards sues the purchaser for goods sold, on account of fraudulent representations made by him as to the solvency of the maker, by which he was induced to receive the note, must in order to recover, shew that he returned or tendered the note to the defendant before suit brought.

If he have recovered judgment against the maker he must tender an assignment of it.

ERROR to the Monroe common pleas. The suit was commenced in a justice's court where the plaintiff recovered ; and the defendant appealed. On the trial the plaintiff under a declaration containing the common counts established a cause of action in assumpsit, for work, labor and materials, and for goods sold to the amount of $60. The defendant proved that shortly after the plaintiff's debt accrued he delivered to the plaintiff two promissory notes made by third persons and payable to the defendant or bearer, for sums amounting in the aggregate to $50,

and also a set-off of $4,94. It appeared that after these notes were thus transferred to the plaintiff judgments had been recovered upon them against the makers, and that executions had been returned *nulla bona* except as to $9,25 collected upon one of them. · One of these judgments was in favor of a party to whom the plaintiff had transferred one of the notes with his guaranty, and it was proved that he had taken it back. The agreement to take it back was made before this suit was commenced, but it was actually returned and the demand upon account of which it was transferred was otherwise adjusted while this suit was pending. Evidence was then given by the defendant tending to shew that the property and services which constituted the plaintiff's demand had been furnished and rendered to the defendant under an agreement by which the plaintiff was to receive these notes in payment; and the plaintiff proved certain facts tending to shew that he received the notes from the defendant under a false and fraudulent representation on his part as to the solvency of the makers. The plaintiff *on the trial* tendered to the defendant assignments to him of the two judgments executed in due form. The defendant claimed to be allowed the amount of the notes on various grounds; and insisted that if the jury should find that they were delivered in payment of the plaintiff's demand even under fraudulent representations on the part of the defendant, still the plaintiff could not rescind the contract and recover for the goods and services because he had not returned the notes or assigned the judgments *before suit brought.* The court among other things charged the jury that if the plaintiff received the notes in payment of his demand the amount of them should be deducted unless it appeared that he was induced so to receive them or either of them by false representations made by the defendant; but in that case the jury were instructed to allow only the amount which had been paid upon them, and they were advised that if there was fraud it was not necessary that the plaintiff should have returned the notes or assigned the judgments before bringing this suit. The defendant excepted and the jury found a verdict for the plaintiff for

$45,84, upon which the court gave judgment.   The defendant took a bill of exceptions.

*S. Boughton*, for the plaintiff in error.

*E. Mather Jr.*, for the defendant in error.

*By the Court*, BEARDSLEY, J.   Assuming the existence of a special agreement by which the plaintiff, when he delivered the property and rendered the services, agreed to receive the notes in question in part payment, still, on rescinding the contract he might recover, as for goods sold, &c. the full amount agreed to be paid and which remained unsatisfied.   And if the plaintiff had been defrauded in regard to the notes, he had an undoubted right to avoid his agreement to· receive them in part payment. (*Willson* v. *Foree*, 6 *John.* 110.)   But in order to do this, he was bound to return or offer to return what he had received on the contract ; and until this was done the agreement upon which the notes were transferred to him remained in full force.   The contract although fraudulent was not *ipso facto* void ; it was only voidable by a prompt return of whatever had been received upon it.   In this case the plaintiff could not be allowed to retain the notes and the judgments rendered thereon, and at the same time recover the full price agreed to be paid for the property and services.   The court in this part of the case did not proceed on the ground that the notes and judgments were of no value whatever ; and in holding and charging the jury that the agreement on which the notes had been received might be treated as a nullity, without making return of the notes or assigning the judgments, they committed an error. (*Masson* v. *Bovet*, 1 *Denio*, 69.   *See also Pierce* v. *Drake*, 15 *John.* 475.)

Judgment reversed.