## NEW YORK COMMON PLEAS.

### CHARLES SCOTT agt. WILLIAM E. SCOTT SIMMONS.

Where goods are purchased upon credit through false representations of the vendee as to his pecuniary condition, the vendor may disaffirm the contract of sale and sue for the fraud. But he must offer to return the notes or securities taken from the vendee, as a consideration for the purchase. In such case the property is not changed, and no title passes to the vendee.

In an action for wrongful conversion of personal property a *warrant of attachment* may issue.

Where an attachment is sought upon the ground that the defendant has assigned or disposed of, or is about to assign or dispose of his property, with intent to defraud his creditors (*Code*, § 227), the facts should be such at least as to justify a deduction from them of such *fraudulent intent*.

*Special Term, October* 28, 1867.

MOTION to vacate warrant of attachment obtained under the 227th section of the Code.

W. A. BOYD, *for defendant, for motion.*
DUBOIS SMITH, *for plaintiff, opposed.*

VAN VORST, J. The plaintiff sold and delivered to the defendant a quantity of merchandise on credit, and took defendant's notes for the same at thirty, sixty and ninety days from date.

The purchase and delivery of the goods was effected by false representations on the part of defendant as to his pecuniary condition—*he misrepresented the amount of his indebtedness.* Plaintiff charges the misrepresentations to have been

made by defendant with the fraudulent design of deceiving plaintiff, and inducing him to part with the goods.

The plaintiff offers in *his affidavits* upon which the attachment was issued, to deliver up the notes of defendant, to be, cancelled. The notes are not yet due.

The summons in this action is under the second subdivision of the 129th section of the Code, and is for relief.

The plaintiff seeks to disaffirm the contract of sale, and to sue for the fraud. This he may do.

Where goods are purchased upon credit, through false representations of the vendee as to his pecuniary condition, the vendor may repudiate the sale. (*Hitchcock* agt. *Covill*, 20 *Wend.* 167 ; 23 *Id.* 411 ; *Loyd* agt. *Brewster*, 4 *Paige*, 537.)

He must offer, however, to return the notes, as is done in this case. (*Baker* agt. *Robbins*, 2 *Denio*, 136.)

Under such circumstances the property is not changed, and no title passes to the vendee. (*Carey* agt. *Hotaling*, 1 *Hill*, 311.)

The goods may be replevied from the fraudulent vendee, or an action maintained against him for the conversion.

In an action for wrongful conversion of personal property, a warrant of attachment may issue. (*Code*, § 227, *amended* 1866.)

But the attachment in this case may be sustained for another cause, on the further facts disclosed by the affidavits upon which it was issued.

The goods in question were purchased about the 12th day of September, 1867, at which time defendant represented to plaintiff that his stock of goods was worth $5,000, all paid for, and that the repairs on his store had cost $2,500, which were also paid for.

On or about the 9th day of October, following, defendant claims to have disposed of all his stock of goods, with the lease of his store, to one Quinn, for $3,000, receiving from him some $2,000 in cash, and the residue of the purchase money was absorbed by the amount of his alleged indebted-

ness to Quinn. The affidavit also charges that Quinn is a man of no pecuniary responsibility, and further, that notwithstanding the pretended sale, defendant still remains in possession of the goods, and conducts the business at the store as before the sale; Quinn's relation to the transaction being nominal and colorable only.

These acts constitute a disposal of his property by the defendant with intent to defraud his creditors, and they are expressly charged in the affidavits to have been resorted to for such purpose.

An attachment may issue in an action, when the defendant has assigned or disposed of, or is about to assign or dispose of his property, with intent to defraud his creditors. (*Code,* § 227.) Such fraudulent intent may reasonably be inferred from the acts and conduct of the party. The facts to warrant an attachment should be such as to justify a deduction from them of such intent, as they do clearly in this instance.

None of the allegations in the affidavit on behalf of plaintiff, are denied by defendant. He moves upon what he claims to be the insufficiency of the proof upon which the attachment was granted.

I think the facts sufficient to uphold the attachment.

Motion denied. Ten dollars costs to plaintiff, to abide event.