Joseph F. Daly, J
Under section 227 of the *406 Code of Procedure, an attachment may be issued in two classes of actions, viz:
1. Actions arising on contract for the recovery of money only.
2. Actions for conversion of personal property against a non-resident.
Unless this action can be included in one of these classes, the plaintiff is not entitled to an attachment.
This is not an action for conversion. There has been no demand by plaintiff of his one thousand dollars, and no refusal to refund it.
The original deposit of it was voluntary, and although he is now entitled to recover it if he prove that it was obtained from him by fraud, yet to constitute conversion it must be demanded. Is the action upon contract or arising upon contract ? Not unless it is a case where a contract can be implied to repay the one thousand dollars, before the time originally fixed for repayment, in case of fraud.
The facts are these : The defendants advertised for a partner, and the plaintiff, pursuant to the advertisement, was introduced to them. They entered into an agreement in writing with him to this effect.
1. They were to engage his services for six months from March 20, 1871, and pay him a salary equal to one thousand dollars per annum, payable semi-monthly.
2. At the expiration of the six months, they were to give him an interest or partnership in the business, on a basis to be mutually agreed on.
3. They might by mutual agreement make a new agreement before the expiration of the six months.
4. He was to deposit one thousand dollars with them at once, and receive their note for it.
5. He was to give his whole time to their service, while he remained in their employ.
He did deposit the one thousand dollars and take their note.
*407 A little over two months has elapsed, and during that time he has been in their employ and received his salary.
The defendants have not yet broken their agreement. He has not notified them of bis wish to disaffirm it, except by bringing this suit.
He complains that he was induced to enter into the agreement and deposit the one thousand dollars by fraud, and seeks to disaffirm the contract and recover the money back.
My impression is that the gravamen of the action is fraud. Unless he prove fraud he cannot recover. The only contract is one he seeks to disaffirm ; the tort of the defendants is the foundation of the action. Under these circumstances the attachment is unwarranted.
In the case of Scott v. Simmons (34 How. Pr., 66), the cause of action is expressly stated to be conversion, and not implied assumpsit for the goods.
The motion to vacate the attachment must be granted.