## SUPREME COURT.

### ANTHONY agt. DAY.

*Account stated and settled — fraud and misrepresentation therein — rescission of contract — parties.*

A settlement of an account between parties, involving the receipt and disbursements of moneys, will not preclude a party to the settlement from afterwards preferring a claim for overcharges and misrepresentations, with respect to the subject-matter settled, if afterwards discovered.

Before a party can demand a rescission of a contract he must restore, promptly and completely, or offer to do so, what he has received under it, unless such restoration has been rendered impossible by the act of the party charged with the fraud.

The persons necessary to be made parties to such an action, considered.

*Special Term, October,* 1875.

DEMURRER to complaint.

VAN VORST, J. — Conceding that there was a full settlement of the stock and land transactions between defendant and plaintiff's husband, in July, 1864, and that there were only two matters not embraced therein, it does not follow that the claims of the defendant for overcharges and misrepresentations of the plaintiff's husband, with respect to the stocks, were embraced therein. The settlement appears to have embraced the account of moneys of the defendant invested by the plaintiff's husband in property and stocks, and the distribution of profits upon the statement rendered by him.

If the defendant subsequently discovered any overcharge

or misrepresentation in the account or statements of the plaintiff's husband, he might properly prefer a claim therefor, notwithstanding the adjustment and settlement.

By a postscript to the defendant's letter of January 4, 1875, it would appear that his claims arose from such causes. He says: "Since writing the above I have looked over my papers to find the claims I made against Mr. Anthony in 1867. I find the claims, a copy of which I think I then gave you, arose out of overcharges and misrepresentations in relation to the following stocks." He then gives a list of the stocks, which appear to be the same with respect to which the plaintiff's husband had made the disbursements for himself and defendant, anterior to the settlement of 1864.

Notwithstanding the settlement the defendant would not be precluded from preferring claims arising out of the causes indicated, if afterwards discovered.

And such subsequently discovered claims, if preferred in good faith, would constitute a proper subject of adjustment and compromise, and would furnish a good consideration for the conveyance in question.

Prominently in his complaint the plaintiff interposes the settlement of July, 1864, as a ground for his assertion that the defendant's claims againt her husband are invalid. I would have little hesitation in saying that the facts alleged in this behalf exhibit a case in which the plaintiff would be entitled to relief in a court of equity were it not for the implication arising from the postscript to the defendant's letter of January 4, 1875, that the assigned claims arose, or were discovered subsequent to the settlement of July 2, 1864, out of overcharges and misrepresentations as to the cost of stocks and property, the subject of which was not then discussed or settled.

And I would say, that when the transactions and statements of parties are under review, even when set forth in pleadings in an action, a construction favorable to innocence and good faith, when the facts reasonably justify such conclu-

Anthony agt.ᵉ Day.

sion, is to be preferred to that which would impute fraud and deceit.

But I do not think it absolutely necessary to pass upon the goodness of the complaint in this regard as, in my opinion, it is wanting in other statements necessary to constitute a cause of action.  If well taken the other objection is fatal to the pleading.

The complaint asks, in substance, for a rescission of the contract between plaintiff and defendant by which the lands in question were by her conveyed to him, and for a reconveyance to her of the lands upon the alleged ground of a failure of consideration and the fraud and deceit of the defendant.

The fraud and deceit consisting in false representations alleged to have been made by the defendant in regard to the claims which were assigned by him to her son as a consideration for the conveyance of the lands, yet no reassignment of the claims is offered or tendered in the complaint, nor is any alleged to have been tendered before suit brought.

The assignee of these claims is the plaintiff's son, who is not even a party to the suit.  I do not think the allegations in the complaint, that the claims are invalid, obviate the necessity of an offer or tender to reassign.  No efforts have been made to enforce the claims.  One claim at least, covered by the assignment, that growing out of the Granite Company stock, is confessedly valid.  This claim, with interest, amounts to some $7,000.  I do not think that the plaintiff can offset the 1,666 acres of land in Michigan against this claim.  The trust in respect to these lands was in favor of *her husband.*

And in the defendant's proposal made to the father, through the son, contained in his letter of March 12th, 1866, to take these lands towards the payment of this particular claim, he expressed his willingness to do so, only at a certain rate, and he claimed that the balance should be paid him in money.  This was not acceded to or done.  As the release contemplated at the time of the assignment of the claims has

never been executed and delivered, it may well be urged that the trust in these lands still continues in favor of the heirs of the plaintiff's husband. The trust will, in any event, be in full force if the assignment of the claims be adjudged fraudulent and void. Before a party can demand a rescission of a contract, he must restore what he has received. This must be done promptly and completely. In *Cobb* agt. *Hatfield* (46 *N. Y.*, 533), it is stated that in order to rescind a contract, on the ground of fraud, there must not only be a disaffirmance of it at the earliest practicable moment after the discovery, but a return of all that has been received under it, and a restoration of the other party to the condition in which he stood before the contract was made. This is equitable.

The rule has been modified in cases when a return has been rendered impossible by the act of the party charged with the fraud.

But in this case there is no such difficulty. The assignment was, indeed, made to her son, but this was done at the plaintiff's request, and in her interest. The assignment is general, but it transfers all the defendant's claims against the husband of the plaintiff. The legal title to the claims has passed from the defendant by virtue of the assignment, and he can only be put in *statu quo* by a reassignment. This has been neither made nor tendered.

The rule is different when the action is at law for damages.

In an action to recover damages for a deceit it is not necessary to rescind the contract (*Ely* agt. *Mumford*, 47 *Barb.*, 632).

There are some seeming exceptions to the rule, as above stated, that the return of what had been received under the contract should be made or tendered before suit brought, but if examined closely, these cases will not be found to conflict with this necessity, or with the reasonableness of the requisition. As when goods are fraudulently obtained on credit, for which the vendee's worthless note has been received, the vendor may maintain an action to rescind the contract, with-

Anthony agt. Day.

out a previous return of the note. It is sufficient to produce it on the trial (*Nichols* agt. *Michael*, 23 *N. Y.*, 264). The reason for the decision being that if the fraud is made out, and the contract subverted, the vendee's notes are void and will be canceled by the court.

It would be otherwise, clearly, if the notes of a third person had been received (*Baker* agt. *Robbins*, 2 *Denio*, 136).

A tender before suit was held not to be necessary when the property delivered to the defrauded party was, in itself, wholly worthless (*Stone* agt. *Frost*, 6 *Lansing*, 440).

In *Harris* agt. *Equitable Life Ass. Society* (3 *Hun*, 724), DAVIS, P. J., says, the party seeking relief " must return, or offer to return, to the other party before commencing his action, whatever he has received under the contract, unless it be of such a character that its return at the trial, or in the progress of the suit, will leave such party in as good condition as the return or offer before suit would have done."

In *Allerton* agt. *Allerton* (50 *N. Y.*, 670), it was held the fraud being established, that no tender of the amount received was necessary before suit brought, as the judgment sought for and given allowed it to the defendant, and there was an actual return of the consideration paid.

But the case under consideration does not come within the ruling of either of the cases above mentioned. The assignment under examination was valid as a transfer, and passed to the assignee at least one good claim. The assignment was not to the plaintiff, so that she might bring it into court on the trial to be canceled, but to a third party, the plaintiff's son, who is not a party to the action. The judgment, even if in the plaintiff's favor in the end, could not absolutely secure a reassignment, as the legal title to the claims was in a person who could not be concluded or bound by the judgment, as he had been in no position to be heard in respect to the litigation.

And this conclusion suggests another ground of demurrer, which appears to be well taken.

Anthony agt. Day.

It is objected on the part of the defendant, that there is a defect of parties, and that James L. Anthony and Phebe L. Day, wife of the defendant, are proper parties. I should say that they are proper, and in fact, necessary parties.

In the event that a reassignment of the claims shall be adjudged, the judgment could not be enforced against James L. Anthony, the assignee, without his presence as a party. The plaintiff asks a reconveyance of the lands by deed to be executed by the defendant and his wife. The wife of the defendant has an interest in the lands. In respect to that she is entitled to be heard. No judgment as to her could be enforced without her presence as a party to the action. As to the above grounds the demurrer of the defendant is well taken, and there should be judgment for the defendant accordingly, with leave to the plaintiff to amend on the usual terms.

The other grounds of demurrer upon the facts stated in the complaint, I do not think are well taken.