MINNIE HAUCK, Appellant, *v.* SAMUEL CRAIGHEAD
and others, Executors, etc., of SAMUEL N. PIKE, Impleaded
with LAFAYETTE HARRISON, Respondent.

*Signature — on  margin — disputed  effect  of — liability  thereon  to  be  submitted  on
proof  to  the  jury.*

P., not mentioned in the body, signed his name upon the margin of an agreement,
executed at its foot by H. *Held*, that such signature did not express what par-
ticipation in the obligation P. meant to take, whether as surety, guarantee or
original contractor, but it might, perhaps, with propriety be said, that it was
evident from his in no way expressing any other obligation or intention, that
he intended to bind himself as a joint contractor.

Where the complaint was originally in form on guarantee, but an amendment
allowed on the trial charged P. as an original joint contractor, rendering
it necessary for the plaintiff to establish by competent proof that such was
his relation, because his signature was by indorsement and not by subscription
to any expressed obligation of any kind, and evidence having been given to
show why P. signed the paper where he did, and in that way to show what
he meant to assume, or what, in other words, was his relation to the contract,
*held*, error, to decide that the action turned upon a question of law and to
dismiss the complaint as to P. on the ground of misjoinder, holding the con-
tract to have been made by P. as guarantor.

That the plaintiff was entitled to have the issue whether or not P. was a joint
contractor with H., created by the amendment allowed upon the trial, passed
upon by the jury.

Appeal from a judgment at the Circuit, dismissing the plaintiff's
complaint.

The action was commenced by the present plaintiff by her
guardian; but since that time, she having arrived at majority, it
has been continued in her own name. Samuel N. Pike, one of
the original defendants, died since its commencement, and his
executors have been substituted in his stead.

Its object was to enforce the liability of the original defendants,
Harrison and Pike, on a contract purporting on its face to be made
between the plaintiff and the defendant Harrison only, but upon
the margin of which Pike affixed his name. The following is a
copy thereof:

" Copy contract.

"Memorandum of an agreement made this day, February 18,

1868, between Lafayette Harrison and Miss Minnie Hauck, as follows:

"Miss Minnie Hauck engages herself as prima donna asoleta, for operas and concerts, for the term of two months, from the 24th of February, 1868.

"Miss Minnie Hauck obliges herself to conform to all the rules and regulations of the theater.

"Mr. Harrison obliges himself to pay Miss Minnie Hauck the sum of $1,400 per month.

{ Int. Rev., 2 cent Stamp. }          "L. F. HARRISON.

"It is also understood and agreed that Miss Hauck shall sing at least three (3) times in each week, all extra performances to be paid at the rate of one hundred dollars ($100) per performance.

"It is also agreed that the salary shall be paid in each and every week."

"SAML. N. PIKE."

The complaint originally alleged that the said Pike "indorsed" the contract and became responsible for the performance of the same by the said Harrison.

The case first came on to be heard, October 24, 1874, before Justice DONOHUE and a jury, and upon an inspection of the complaint and the contract, the justice thought the complaint alleged a guarantee which was unsustained by the contract.

Plaintiff's counsel thereupon moved for leave to amend the complaint, and the justice allowed him to withdraw a juror with leave to apply at Chambers for such amendment.

A motion was made at Chambers for leave to amend, it was denied, and an appeal was taken, and the General Term held that the amendment should have been allowed.

The case then came on for trial again before Justice LAWRENCE and a jury. The complaint was amended at the trial by the justice, so as to allege a joint contract, but the justice held that Pike was a guarantor, and that being so there was an improper joinder, and he therefore dismissed the complaint as against the executors of Pike.

*George V. N. Baldwin,* for the appellant.

*Fransioli, Tilney & Mosher,* for the respondents.

BRADY, J. :

This action against the executors of S. N. Pike was, in form, on his guarantee for the performance of the agreement on the part of the defendant L. F. Harrison, which the latter made with the plaintiff.

The amendment which was allowed at the trial changed the cause of action, and charged the decedent, Pike, as an original contractor or promissor, and rendered it necessary for the plaintiff to establish, by competent proof, that such was his relation to her. It was so, because the signature of Pike was by indorsement, and not by subscription to any expressed obligation of any kind.

The defendant has not appealed from that proceeding, and it stands intact to be considered as part of the case, with all the benefit to the plaintiff to be derived therefrom because the defendant succeeded. The plaintiff, after the amendment, proved by parol, under objection and exception, what occurred prior to the execution of the agreement between her agent and Mr. Pike, and it appeared that the plaintiff refused to make the contract with the defendant Harrison alone, and said, through her agent, that if Mr. Pike would not join in the contract none would be made. Mr. Pike then said he would accede to her wishes, and signed his name by writing it upon the margin of the agreement. The indorsement or signing by Mr. Pike upon the margin of the agreement does not express what participation in the obligation of Harrison he meant to take, whether as surety, guarantor or original contractor.

The evidence thus given was not to vary or contradict the agreement, but to show why it was that he signed the paper where he did, and in that way to show what he meant to assume ; what, in other words, was his relation to the contract. If he had subscribed the agreement, there is no doubt on adjudged cases (*Parkes* v. *Brinkerhoff,* 2 Hill, 663 ; *Baker* v. *Robbins,* 2 Denio, 136), that he would be liable as originally and jointly bound. The name being at the foot of the agreement would leave no doubt of it. In the former case, Justice COWEN said : "If it were ambiguous, it is

by no means clear that it might not be made available by extrinsic evidence." In the latter case, which was an agreement in reference to shingles, Chief Justice BRONSON said: " In the body of the instrument Clark alone is mentioned as the contracting party, but it is evident from the names subscribed to it, without resorting to the extrinsic evidence, that Hurd also intended to bind himself as a joint contractor with Clark, and the intention of the parties, when it can be gathered from the writing and is not contrary to law, must be carried into effect."

It might, perhaps with propriety, be said, that it is evident from the paper itself that the decedent, Pike, intended to bind himself as a joint contractor because he signed the agreement, and in no way expressed any other obligation or intention.

The cases cited, it must be conceded, are not entirely like this, but the difference consists only in the position of the signature, and this seems too unimportant to change the principles announced. It may be said that, strictly, the only parallel for this case is, where a person writes his name on the back of a note not negotiable, the legal consequence of which is that he may be held as maker or guarantor. (*Richards* v. *Waring*, 1 Keyes, 576 ; *Moore* v. *Cross*, 19 N. Y., 227.)

Here, unless some interpretation is given to the signature of Mr. Pike, he assumed no liability, because there was, as already said, nothing written over it.

If the plaintiff had the power to overwrite the name of Pike with a contract implied by law, or recover against him as an original contractor or guarantor, then the amendment was unobjectionable, because it only expressed his obligation, and parol evidence to sustain it, could not affect the interests of his estate, while it sustained the legal result predicated of his signature in the place mentioned. There is no distinction between a note and an agreement recognized. In the cases in 2 Hill and 2 Denio (*supra*), the rule was applied to both. They rest on the same principles, and should be governed by the same rule.

It is quite clear that the decedent meant to be bound in relation to Harrison's contract, and if the plaintiff could regard him as an original contractor or guarantor, the view of the learned justice at the trial was erroneous, and a new trial should be granted.

The decision heretofore rendered in this case on the appeal in reference to a contemplated amendment does not affect the question under discussion.

It was only intended by that decision to pass upon the propriety of the order appealed from. It was not designed to limit the plaintiff's cause of action or remedy to what was then revealed.

The plaintiff was entitled to have the issue passed upon created by the amendment allowed upon the trial, namely, whether or not the defendants' testator was a joint contractor with Harrison, and there must therefore be a new trial, costs to abide event.

Davis, P. J., and Daniels, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.