Circuit Court of Cuyahoga County.

The K. B. Company v. George Dixon.

Decided, November 13, 1911.

*Appeal From Justice of the Peace—Filing Petition Out of Rule—Action for Money Had and Received—Allegation of Amount Due Specific—Proof on Default—Judgment as Upon Default Under General Code, 11592.*

1. In an action appealed from a justice of the peace to the common pleas court, since the latter court has power to grant leave to file a petition out of rule, it has power to take up and consider it when it is filed out of rule, without first making an order on the subject.
2. Where a vendee of personal as well as of real property has a right, in consequence of the conduct of the vendor. to rescind, he may do so and recover back in an action for money had and received, the amount paid upon the contract.
3. Where the allegation in a petition of the amount due is material and specific and not, in the sense in which those words are used in General Code, Section 11329, an allegation of value or damage, the action being on an implied contract for the payment of money only, and within the exception of General Code, Section 11357,

under the provisions of General Code, Section 11329, it must be controverted by answer, and if not, the court, in the exercise of its discretion, has power to render judgment without proof of the amount.

4. General Code, Section 11592, authorizing judgment *as upon default* in certain cases, does not contemplate the entering of a default judgment at any time during the term after the defendant is in default for answer, as provided by General Code, Section 11383, but only when the case is reached in its order or on special assignment.

*H. A. Kangesser,* for plaintiff in error.
*E. W. Dissette,* contra.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Error is predicated in this action upon the refusal of the common pleas court to vacate a default judgment rendered within the term.

The case was originally started in a justice court, where George Dixon sued the K. B. Company for "money had and received." He recovered judgment on January 31, 1911. The defendant appealed.

General Code, Section 10398, provides:

"The rule day for filing the petition in the court of common pleas in a case appealed from a justice of the peace shall be the third Saturday after the expiration of the time limited for filing the transcript; and the subsequent pleadings shall be filed within such times thereafter as is provided for the filing thereof in cases commenced in that court after the return day of the summons."

Dixon should have filed a petition in the common pleas court by February 25; he did not file it until March 30, 1911. The third Saturday after that, when the answer was due, was April 15; the default judgment complained of was taken the following Monday, April 17.

It is first claimed that the judgment is erroneous because the plaintiff did not file his petition so soon as he should have filed it. This contention is disposed of by the ruling in *Parker* v. *Haight,* 14 C. C., 548, which we follow.

It is next claimed that the cause of action stated in the petition varies from that set up in the bill of particulars, and that it was not such an action as permitted a default without the taking of evidence.

Neither of these points is well taken. The petition set forth that the plaintiff had purchased an overcoat of the defendant and paid down four dollars of the purchase price, but the defendant refused to deliver the overcoat, and the plaintiff therefor asked judgment for his four dollars. This was an action for money had and received.

It was said by Judge Hitchcock in the case of *Welsh* v. *Welsh*, 5 Ohio, 425, at page 428:

"The law is well settled that where a vendee has a right in consequence of the conduct of the vendor, to rescind, he may do it and recover back, in an action for money had and received, the amount paid upon the contract."

That was an action concerning the sale of real estate, but the rule is the same in the case of the sale of a chattel.

Underlying this action is an implied contract; if another has money which in equity belongs to me, the law implies a contract to pay it to me. This proposition is important, and authorizes the paraphrasing of a paragraph found on page 638 of the opinion in the case of *Dallas* v. *Furneau*, 25 O. S., 635, as follows:

"The allegation in the petition of the amount due is a material allegation and is not, in the sense in which those words are used in Section 11329 of the General Code, an allegation of value or damage, but is a specific allegation of the amount due, the action being on an implied contract for the payment of money only, and within the exception of Section 11357 of the General Code, and therefore, under the provisions of Section 11329 of the General Code, must be controverted by the answer. In this case, the material allegations of the petition not having been controverted by the answer, the court, in the exercise of its discretion had power to render the judgment without requiring proof of the amount."

This brings us to an application of General Code, Section 11592, which provides that when all or a part of one or more of the causes of action set out in a pleading are not put in issue

by answer, or otherwise, judgment may be taken, *as upon a default*.

If it is claimed that this section applies only to cases where a part of the cause or causes of action is admitted and part denied, as set forth in *Weaver* v. *Carnahan*, 37 O. S., 363, the answer is that the statute has been amended since said decision.

The plaintiff in this case, then, was entitled to judgment, *as upon default*. That does not mean that he was entitled to a default judgment at any time during the term after the defendant was in default for answer, as provided in General Code, Section 11383, because his action was not one of those mentioned in that section, but he was entitled to judgment *as upon default* when his case was reached in its order or on special assignment, as provided in General Code, Sections 11384 to 11388 inclusive.

It is claimed that this case was not reached in its order or specially assigned. The transcript does not show a special assignment; but, as there is no bill of exceptions, we do not know that the case was not reached in its regular order. We must therefore presume that the case was not disposed of in advance of the proper time.

Judgment affirmed.