PATTERSON, RENCHER & CO. v. A. L. GOOCH, et al.

*Married Women—Contract to Bind Her Personal Property— Jurisdiction of a Justice of the Peace—Plea of Coverture When Set Up—Practice—Equity.*

1. The remedy for debt against a married woman, by which it is sought to charge her separate personal property, cannot be had in the Court of a Justice of the Peace.

2. The plea of coverture may be set up for the first time in the Superior Court, and after the lapse of several terms, when, at the trial before the Justice of the Peace, the defendant's counsel said he would enter all pleas to which the defendant (who was absent) might be entitled, and appealed.

3. The principle that it would be inequitable to allow a *feme* defendant to keep the goods, the price of which is the subject of the action, and at the same time resist an action for the recovery of such price, cannot be invoked where it is not shown that she still has possession of the goods.

This was a CIVIL ACTION, tried on appeal from a Justice of the Peace at the January Term, 1891, of GRANVILLE Superior Court, before *Boykin, J.*, a jury trial having been waived by the parties.

The plaintiffs brought two actions before a Justice of the Peace on April 23, 1890, against the defendants A. L. Gooch & E. C. Gooch, trading as A. L. Gooch & Co, one to recover $167.20, and interest from October 14, 1889, and the other to recover $82.20, with interest from November 12, 1889, due by open account.

The defendants did not appear at the trial except by counsel, who said, as defendants were not present, and he had just been retained, he would enter all defences to which they might be entitled, and judgments were rendered against them, from which they afterwards appealed to the Superior Court, and the defendant E. C. Gooch gave an undertaking to stay execution on appeal.

In the Superior Court the plaintiffs moved to dismiss the appeal, because the notice of appeal served referred to only one judgment, and that as having been rendered April 23, 1890, whereas two judgments were rendered, and both these on April 24, and none on April 23. His Honor overruled the motion, and plaintiffs excepted. Thereupon, a jury trial was waived in both cases, and both cases were tried as one by his Honor by consent of the parties.

Plaintiffs proved their claims, and that when the Constable went to levy the executions obtained on his judgments upon the stock of goods of the defendants, they were claimed by defendant E. C. Gooch, and then introduced the follow correspondence:

BALTIMORE, October 3, 1889.

MR. A. L. GOOCH, *Dabney, N. C.*

*Dear Sir :*—We respectfully ask you to make a statement of your financial condition by answering the questions on the other side as a basis of credit for any present or future transaction you may have with us.

PATTERSON, RENSHAW & Co.

Received Oct. 11, 1889.

The questions and answers were answered entirely by A. L. Gooch, there being no evidence that E. C. Gooch knew anything about them. Plaintiffs also proved that this statement had been made and delivered to plaintiffs by defendant A. L. Gooch, and that the goods, the price of which was here sued for, were sold to defendants on the faith of this statement, and rested his case.

The defendants' counsel then stated that they would make no objection to judgments being entered against A. L. Gooch, but offered to show that defendant E. C. Gooch was a married woman, the wife of A. L. Gooch. Plaintiffs objected to this evidence, because the plea of coverture, not having been set up in the Justice's Court, ought not to be allowed to be set up in the Superior Court, or that it was, at most, in the discretion of his Honor to allow it, or not, to be set up, and that this was the third term since the appeal had been docketed. His Honor held that he had no discretion in the matter, and was bound to admit the plea and receive the evidence, as it appeared from the return to the notice of appeal that defendants' attorney had put in before the Justice of the

Peace all defences to which defendants might be entitled. Plaintiffs excepted. Defendants then proved that A. L. Gooch and E. C. Gooch were husband and wife, and were so on and since October 3, 1889. Plaintiffs insisted that the defendants being husband and wife and partners in trade, the husband was, as partner, the agent of the wife, and, as such agent and partner, had power to bind her, and that the letter to plaintiffs was such written consent to her entering into the contract as the statute law requires; that it would be a fraud upon creditors to allow her, after such representations on the part of her husband, plainly implying that she was either a man or a *feme sole,* to set up the defence of coverture; that the statutes and law against a *feme covert* binding herself, and against her being sued in the Court of a Justice of the Peace, do not apply to a case like the present, where she is engaged with her husband as a partner in trade, and when sued on a debt contracted by representations that she was a man, or *feme sole.*

His Honor was of opinion that the action could not be maintained against the defendant E. C. Gooch on account of her coverture, and plaintiffs, having excepted to his rulings, assigned the same as error, and appealed.

*Mr. T. T. Hicks* (by brief), for plaintiffs.
*Mr. John W. Graham,* for defendants.

CLARK, J.: The plaintiff contends that the statement set out in the record, is, in effect, a written consent on the part of the husband, and the nature of the contract being such as necessarily to imply a charge upon the wife's personal estate, that the *feme* defendant is liable by virtue of *The Code,* § 1826. We need not decide how that may be, for if we concede that it is so, the remedy cannot be sought in a Court of a Justice of the Peace. *Dougherty* v. *Sprinkle,* 88 N. C., 300; *Farthing* v. *Shields,* 106 N. C., 289.

The cases cited by the appellant in support of his position that it was in the discretion of the Court below to allow or refuse the plea of coverture because not made at the first term (*Neville* v. *Pope*, 95 N. C., 346 and *Vick* v. *Pope*, 81 N. C., 22), only go to the extent that after judgment it is too late for the coverture to be set up unless there has been excusable neglect, mistake, fraud or the like.

Nor will the principle laid down in *Burns* v. *McGregor*, 90 N. C., 225, that it would be a fraud to let the *feme* defendant keep the goods and set up the defence of coverture against an action for the recovery of the price of them, avail the plaintiff, for it is not shown that the *feme* defendant, or the firm of which she is a member, now has in possession any of the goods for the price of which this action is brought, nor is this an action of claim and delivery for the specific goods. It was competent for the Judge to refuse to dismiss the appeal. *Marsh* v. *Cohen*, 68 N. C., 243; *Richardson* v. *Railroad*, 82 N. C., 343.

*Per curiam.*                                                     No error.