JOHN L. BAILEY v. B. B. BARRON AND WIFE.

*Judgment Against Feme Covert—Charge on Separate Estate— Homestead.*

1. A contract of a *feme covert* cannot, by the terms of the same, in the absence of a deed debarring her from claiming a homestead in her land, be made such a "charge" upon the land as will deprive her of the right to claim the exemptions allowed her by the Constitution.

2. Where a judgment of the Superior Court declared the indebtedness of the husband and wife to be a "charge" upon the separate estate of the wife, and a commissioner was appointed to make sale of her land for the payment of such indebtedness: *Held*, that such adjudicated charge was subordinate to her right to have, free from sale under execution or other final process, the exemption secured by the Constitution to resident debtors, and it was the duty of the commissioner to first allot the homestead to which the *feme covert* was entitled, and then to sell the excess. In such case the allotted homestead cannot be sold to satisfy the plaintiff's "*charge*" until the homestead estate or right ends.

CIVIL ACTION, brought to Spring Term, 1890, of EDGE-COMBE Superior Court, for the recovery of the amount due on two sealed notes, and to charge the separate estate of the *feme* defendant with their payment. The notes sued on were given for supplies furnished by the plaintiff for the necessary personal expenses of the *feme* defendant, for the support of her family and the expenses of her farm which

the action sought to charge with the debt.    Following the signatures and seals of the husband and wife on each note were the following stipulations:

"And I, Mrs. A. Barron, wife of B. B. Barron, expressly charge the payment of this note upon my separate estate, the consideration of the same being for the benefit of my separate estate.                    "(Signed)            A. BARRON."

"And I, B. B. Barron, husband of Mrs. A. Barron, hereby consent for my said wife to sign this note, and to bind her separate estate for the payment of the same.
                                "(Signed)            B. B. BARRON."

The complaint specifically set out the lands and personal property belonging to the *feme* defendant, and the prayer was that said notes should be declared a charge upon the said property of the *feme* defendant; that said property be applied to the payment of the indebtedness due to the plaintiff, and that a commissioner be appointed to sell the said property for that purpose, etc.

At Spring Term, 1890, judgment was rendered by consent of the parties in favor of the plaintiff as follows: " That the plaintiff do recover of the *feme* defendant (the same to be paid out of her separate estate) $1,437.82, with eight per cent. interest thereon from January 1st, 1890, and the costs of this action, to be taxed by the Clerk; that said indebtedness is hereby declared a charge on the separate estate of the said *feme* defendant, the real estate consisting of, etc.    *    *    *    And further, that if this indebtedness, principal and interest and costs, be not paid on or before the 1st day of December next, then Jacob Battle, who is hereby appointed a commissioner for that purpose, shall sell said real estate at public auction at the Court-house door,

etc., etc.   A report of sale to be filed, and this cause retained for further orders.   The lien of the plaintiff for his said indebtedness dates from April 3d, 1890, when his notice of *lis pendens* was duly filed."

In July, 1892, the commissioner advertised the lands for sale on the first Monday in August, 1892; and thereupon, and before sale was made, the *feme* defendant, who was the owner of the same, applied to the commissioner in writing to have her homestead allotted to her in the 246-acre tract, that being all the land she owned, and which is described in the complaint, and the commissioner refused to allot the same to her.   Thereupon, on 27th July, 1892, the *feme* defendant applied to his Honor, Judge BRYAN, at Chambers, in Newbern, to have said judgment set aside because it was void, and if not void, to have the same modified so as to require the commissioner to allot to her a homestead in said tract, which motion was denied.   To this ruling the *feme* defendant excepted, and caused her exception to be noted, and it was agreed between the parties that the same should be heard upon appeal from the final judgment in this cause.

The said commissioner proceeded to sell the land without allotting the homestead, and made his report to the said Court at Fall Term, 1892.   On the coming on of said report for confirmation before SHUFORD, J., the *feme* defendant excepted thereto, as appears from the judgment of confirmation herein.   The Court overruled said exceptions and confirmed the report, to which the *feme* defendant excepted and appealed.

*Messrs. Bunn* and *Battle*, for plaintiff.
*Mr. John L. Bridgers*, for defendants.

BURWELL, J.: We think that a proper construction of the judgment rendered in this cause at Spring Term, 1890, will

give to the *feme* defendant all that she claims, and that no reforming or correction of that judgment is necessary to secure to her the exemptions that are hers according to the provisions of the Constitution of the State.

The allegations contained in the verified complaint entitled the plaintiff, under the decision of this Court in the case of *Flaum* v. *Wallace,* 103 N. C., 296, to an adjudication that the *feme* defendant was indebted to plaintiff as alleged, and that this indebtedness was a charge on her separate *personal* estate. The decision of this Court in *Farthing* v. *Shields,* 106 N. C., 289, had not then been announced, and it seems from the prayer of the complaint and the judgment itself that the plaintiff's counsel insisted that, as no answer or demurrer was filed, he was entitled to a judgment declaring the indebtedness a charge on the separate *real* estate of the *feme* defendant also, and that the defendant's counsel consented to this, notwithstanding the fact that, upon the allegations of the complaint, the plaintiff was not entitled to a charge on the real estate under the law, as afterwards fixed by the decision in *Farthing* v. *Shields, supra,* if the coverture of the *feme* defendant had been pleaded.

In *Flaum* v. *Wallace, supra,* it is decided that, where it is adjudged that the debt is a charge on the separate personal estate of the *feme* defendant, she "can claim the same exemption from execution as she would be entitled to if she were a *feme sole.*" The "charge" which is put upon the *feme's* separate personal estate by such an adjudication is subordinate to her right to have, free from sale under execution or other final process, the exemption secured to all resident debtors by the Constitution.

In the judgment now under consideration, it is declared that the "said indebtedness is hereby declared a charge on the separate estate of the said *feme* defendant, described in the complaint"; that is, upon *her personal and real* estate, for both are described in the complaint.

It seems, therefore, that the adjudicated "charge" upon the real estate of the *feme* defendant, like that against her personal estate, must be subordinate to her homestead right, unless it appear from the complaint that she has by a proper deed debarred herself from claiming a homestead out of the lands described, or a judgment has been entered against her which estops her from asserting such claim. There is no allegation in the complaint that she has by deed assigned this right, and we think that the judgment, construed in connection with the pleading, as is proper, must be understood to direct the commissioner thereby appointed to sell the land only after there had been allotted to the *feme* defendant such part thereof as was exempt from sale under execution or other final process. The power to sell was conferred on the commissioner in order that the "charge" on the *feme* defendant's real estate, which had been adjudicated in favor of the plaintiff according to the prayer of the complaint, and upon motion of his counsel, might be enforced. That charge, as has been said, is subordinate to the *feme* defendant's right to exemption. The authority to sell must be exercised by the commissioner in subordination to that right, for the sale is to be made merely to enforce the adjudged lien or charge.

The sale made and reported should have been set aside, and the commissioner should have been directed to have her homestead allotted to the *feme* defendant, and then to sell the excess. The portion so allotted to her cannot be sold to satisfy plaintiff's charge until the homestead estate or right ends.                                                   Error.