CLARK, C. J., dissenting in part.
This action was brought in the Superior Court upon a note of which the following is a copy:
$275.00. WARRENTON, N.C. 14 December, 1899.
On demand, we or either of us promise to pay to Harvey, Blair Co., with interest from date at the rate of 6 per cent per annum, the full and just sum of $275, for value received. And Ella B. Johnson, one of the principals in this note, binds her own separate estate for the payment of this note, the aforesaid $275 having been advanced (354) by aforesaid creditors for the benefit of her said estate.
 S. B. JOHNSON, (Seal.) his J. A. JOHNSON, X (Seal.) mark. ELLA B. JOHNSON. (Seal.)
The plaintiff alleges that at the time the action was commenced the sum of $170.63 was due on the note, and that the feme defendant Ella B. Johnson was at said time seized and possessed of a house and lot in the town of Warrenton, and also owned household and kitchen furniture which is worth $350.
The defendants S. B. and J. A. Johnson answered and admitted that they owed the balance alleged to be due on the note, but averred that the *Page 290 
court had no jurisdiction of the action upon the contract, as the amount alleged was less than $200. The feme defendant answered and alleged that false representations were made in order to induce her to sign the note. She also avers that the lot in Warrenton is worth less than $1,000, and she denies her liability upon the note.
The cause came on for trial, and upon motion of the defendants to dismiss the action on the pleadings the court dismissed the same upon the following grounds:
1. Because it does not appear that the feme defendant executed in due form a sufficient conveyance charging her separate estate.
2. That no consideration injured to the benefit of the separate estate of Ella B. Johnson, and she had no capacity to make the said contract.
3. That it appears from the complaint that her separate personal estate does not exceed the personal exemption of $500 allowed by law.
4. That as to the other defendants, the sum demanded is under (355) $200, exclusive of interest.
The judgment of the court below was right as to the defendants S. B. and J. A. Johnson. They could not be sued in the Superior Court on a note the balance due upon which was less than $200. It was proper to join J. A. Johnson with his wife as a defendant in this action, by which it was sought to subject her separate estate to the payment of the note; but he is only required to be a party for the protection of the interests of his wife, and no judgment could be rendered against him. The Code, sec. 178; Nicholson v. Cox, 83 N.C. 48; Vick v. Pope, 81 N.C. 22. We think, though, that the court erred in dismissing the action as to the defendant Ella B. Johnson. The grounds upon which the action was dismissed as to her are not tenable. It appears that she executed the note with the written consent of her husband, and expressly charged her separate estate with its payment, and it further appears on the face of the note that the consideration was money advanced for the benefit of her separate estate. This would seem to be quite sufficient to make her liable to the plaintiff through a charge upon her separate personal estate, at least. Flaum v.Wallace, 103 N.C. 296; Farthing v. Shields, 106 N.C. 289; Bailey v.Barron, 112 N.C. 54; Weathers v. Borders, 124 N.C. 610.
The remaining contention of the defendant, that, as it appears the separate personal estate of Mrs. Johnson does not exceed the exemption of $500 allowed her by law, she is therefore not liable to the plaintiff, cannot be sustained. The fact that the personal property is of less value than $500 does not affect the jurisdiction or power of the court to declare that it shall be charged with the payment of the obligation she has assumed. The law, by so charging her separate personal estate with the *Page 291 
payment of this debt, does not deprive her of her personal (356) property exemption. The judgment against her will be enforced just as a judgment against a person sui juris would be, that is, by execution, but with this exception, that the law requires the execution to be levied only on her separate estate. The Code, sec. 443, provides that "an execution may issue against a married woman, and it shall direct the levy and collection of the amount of the judgment against her from her separate property, and not otherwise." When the sheriff receives an execution against a married woman, directing him to levy the same and collect the money due upon the judgment out of her separate estate, it is his duty to set apart and allot the exemption of the defendant, just as he is required to do in other cases. Bailey v. Barron, supra; Bank v.Ireland, 127 N.C. 238.
We have not overlooked the fact that the personal property of which she is said to be possessed is household and kitchen furniture. Chapter 91, Laws 1891, p. 89, provides that whenever household and kitchen furniture is conveyed by chattel mortgage or otherwise, as allowed by law in this State, the privy examination of any woman interested in it shall be taken. This Court has construed that act as applying only to chattel mortgages and conveyances of a like kind which create liens upon the property. Kelly v. Fleming, 113 N.C. 133. It has no application to a case like the one now under consideration. In Farthing v. Shields,supra, the Court said that the reason which greatly influenced the Court to decide in Flaum v. Wallace that the wife could charge her separate personal estate with the mere written consent of her husband was that she could convey or transfer her personal property with his written consent, and therefore she should be allowed to charge it, while in the case of real property she could not convey it without privy examination, and therefore she should not be permitted to charge it unless it is done in the same way. Under the act of 1891 she is not forbidden to convey household and kitchen furniture absolutely, though she cannot mortgage it or convey it so as to create a lien upon it without privy (357) examination. The reason, therefore, for forbidding her to charge her land with the payment of her debts, either expressly or by implication arising out of the nature of the particular contract, does not apply to this case.
It is suggested that while the feme defendant is liable on the contract, she is so liable as if she were a feme sole, and not only by way of charge upon her separate estate, and that as the amount sued for is under $200, the action should have been brought before a justice of the peace, and the Superior Court therefore had no jurisdiction. We cannot yield to this suggestion. A married woman is not liable on her contract as if *Page 292 
she was not under coverture except in cases provided in sections 1828, 1831, 1832, and 1836 of The Code. She is not liable on her contract at all, as we will see hereafter. This court has held in a long and unbroken line of decisions that she is incapable of making a contract of any sort, and any attempt of hers to do so is not simply voidable, but absolutely void. If, however, she possesses separate property, the court in the exercise of its equitable jurisdiction will so far recognize her agreement as to make it a charge thereon. But even in that case and in that jurisdiction her contract has no force whatever as a personal obligation or undertaking on her part. Dougherty v. Sprinkle, supra; Pippen v.Wesson, 74 N.C. 437. If a married woman borrows the sum of $100 and gives her bond for the same, she is no more liable upon the bond than she was at common law. Huntley v. Whitener, 77 N.C. 392. Afeme covert is at law incapable of making any executory contract whatever; she cannot make any legal contract, that is, one which will impose a personal obligation, even with the written consent of her husband, nor even if the contract is for her benefit and advantage. Flaum v. Wallace,supra; Farthing v. Shields, supra. The liability upon the agreement of a feme covert being, therefore, a matter of purely equitable (358) cognizance, it must be enforced by an action in a court having jurisdiction to administer equity affirmatively, and not in the court of a justice of the peace, where there is no such equitable jurisdiction. Holden v. Warren, 118 N.C. 326. The legal effect of a married woman's engagement, therefore, is not like that of a person suijuris. It only creates a right in equity in behalf of the person with whom the agreement is made to have the same enforced against her separate estate, and she can never be liable to a personal judgment for its satisfaction.
It is claimed that these principles have been modified by the decision of this Court in Neville v. Pope, 95 N.C. 346, and other like cases. In order to show that this cannot be so, it is only necessary to say that in the case cited the defendant made no defense and judgment by default was entered, so that it did not appear to the court at the time of the judgment that she was a married woman, and the court proceeded upon the assumption, as it had a right to do, that she was not, but was personally liable for the debt. The court clearly intimated, though, that if she had entered the plea of coverture she would have been successful in the suit. Nor do we think that chapter 617, Laws 1901, as construed by this Court in Finger v.Hunter, 130 N.C. 532, has changed this law in any respect. It is provided by that act merely that a married woman shall be liable for repairs and improvements put upon her property with her consent or procurement, and that in such a case she shall be deemed to have contracted for the same. The act of 1901 is an amendment to *Page 293 
section 1781 of The Code, which subjects the property upon which the repairs or improvements are made to a lien. This brings the case directly within the reason for the decision in Smaw v. Cohen, 95 N.C. 85. In that case the jurisdiction of the justice was sustained by reason of the express requirement of the statute that a suit against a person to enforce such a lien, when the amount is less than $200, shall be brought in a justice's court. The case of Finger v. Hunter, (359) therefore, does not vary the general principle in regard to the enforcement of the agreements of married women, which we consider to be so well established by the decisions of this Court that it should not be changed except by legislative enactment. It is our duty to construe or expound the law and not to make it. We must ascertain what it is and not what it should be. The latter function belongs only to the lawmaking power.
It would seem hardly necessary to refer to the class of cases in which the Court has sustained the right to enforce the contract of a married woman, who is a free-trader under sections 1827, 1828, 1831 and 1832 of The Code, or a contract made by virtue of any other statutory provision authorizing her to contract as if she were sui juris. In such a case it is too clear, even for argument, that she is personally liable just as if she were not married or as if she had contracted as a feme sole. Her obligation is a legal one and not a mere equitable charge upon her separate property, and must be enforced in the court having jurisdiction of such cases, which will be determined by the amount involved.
Dougherty v. Sprinkle, supra, as the transcript in that case will show, was brought, not to enforce a mechanic's lien or any kind of lien, but to recover upon an implied promise to pay the reasonable value of work and labor done and material furnished. It was in the nature of an action of assumpsit. The principle laid down in that case was no more impaired by Laws 1901, ch. 617, as construed in Finger v. Hunter, than it was affected by the decision in Smaw v. Cohen. The principle ofDougherty v. Sprinkle remains to this day just as it was when the case was decided in 1888, notwithstanding the case of Smaw v. Cohen, in regard to the enforcement of liens and other cases relating to the contracts of married women as free-traders. This Court has (360) maintained and applied the doctrine as set forth in Dougherty v.Sprinkle in all its original force and efficacy. So late as 1895 it was affirmed by a unanimous decision in the case of Wilcox v. Arnold,116 N.C. 708, the Court saying: "It (the contract) purports neither to charge her separate estate nor to be for her benefit; and if it had, the court of a justice of the peace would have had no jurisdiction in the matter," citing Dougherty v. Sprinkle. In Wilcox v. Arnold the doctrine *Page 294 
of this Court in such cases is fully declared, and Pippen v. Wesson, Flaumv. Wallace, and Farthing v. Shields are cited with approval. In Pattersonv. Gooch, 108 N.C. 503, this Court said: "The plaintiff contends that the statement set out in the record is, in effect, a written consent on the part of the husband, and the nature of the contract being such as necessarily to imply a charge upon the wife's personal estate, that thefeme defendant is liable by virtue of The Code, sec. 1826. We need not decide how that may be, for if we concede that it is so, the remedy cannot be sought in a court of a justice of the peace." To the same effect is Bankv. Howell, 118 N.C. 271.
We have seen that no change has been made by legislation in the law as repeatedly stated by this Court, and it may safely be inferred that the Legislature has accepted our construction of the statute as the proper one and has acquiesced in it as being in accordance with what the law should be. It having been decided, as we have shown, and there being no expression to the contrary, that a married woman's engagement can only be enforced in equity against her separate estate, it necessarily follows that the jurisdiction in all such cases, except when otherwise expressly provided, must be in the Superior Court, without regard to the amount in controversy.
The payment of the note cannot be enforced in this case against the real property of the feme defendant, as there was no privy (361) examination. As to this part of the case, the trial judge was right. Farthing v. Shields, supra.
We hold, in conclusion, that the defendant Mrs. Johnson has sufficiently charged her separate personal estate with the payment of the note sued on, and that the Superior Court had the jurisdiction to enforce the charge. In this respect there was error in the judgment below. The judgment will be set aside and a new trial awarded.
Error.