W. C. MONROE, Adm'r, v. T. S. WHITTED, Adm'r.

*Irregular Judgment—Motion to Set Aside.*

On a motion to set aside a judgment, where it appeared that the origi-
nal summons was not signed ; that no pleadings were filed and no
evidence of debt exhibited ; that no jury were empanneled and no
issue tried at the term when judgment was taken ; that the entries
upon the summons docket and minute docket conflicted, and no
attorney was marked for defendant ; *It was held,* that the judgment
was *irregular* and should be set aside, although there was no allega-
tion of fraud and although the motion was not made within one
year.

(*Mabry* v. *Erwin,* 78 N. C. 46 ; *Cowles* v. *Hayes,* 69 N. C. 406 ; *Keaton*
v. *Banks,* 10 Ire. 381, cited and approved.)

MOTION, to set aside a Judgment, heard at Spring Term,
1878, of BLADEN Superior Court, before *Eure, J.*

The case states: The plaintiff had served a notice on the
defendant to make him a party to a certain judgment for
$600 obtained at Spring Term, 1874, in favor of plaintiff's
intestate. The defendant answered the notice alleging that
the judgment was irregular and asked that it be set aside.
The summons in the original action was not signed by the
clerk or any other person, and it was endorsed " service
accepted." No complaint, answer, bond, account, or other
evidence of debt is among the papers as constituting a part
of the judgment roll. No jury were impannelled and no
issue tried in said action at the term when the judgment
was had. The following entries in the case appear on the
summons docket of said term,—" complaint filed," " this
entry by the clerk," " answer, no assets," "judgment ac-
cording to specialty filed." The clerk testified that the en-
try " complaint filed " was in his handwriting, but did not
recollect whether he saw the complaint, and did not know
in whose handwriting the other entries were, except " spe-
cialty filed," but did not recollect having seen the evidence

ᵕof debt. The minute docket at said term shows the following,—" complaint filed, judgment by consent according to complaint" which was made by the clerk, who testified that the plaintiff's attorney had told him since the rendition of the judgment, that it was for services rendered, &c. The name of no attorney was marked on the docket for defendant. There was no allegation or proof that the judgment was obtained by fraud. Upon these facts His Honor refused the motion, and the defendant appealed.

*Messrs. C. C. Lyon,* and *J. W. Hinsdale,* for plaintiff.
*Mr. T. H. Sutton,* for defendant.

BYNUM, J. Admit that the defendant was in Court, because he confessed service of an irregular summons. He was summoned to answer the complaint of the plaintiff with a notice that if he failed to answer, the plaintiff would apply at the appearance term for the relief demanded in the complaint. We are satisfied that no complaint was ever filed. As the summons stated no cause of action and no complaint was filed, there was nothing before the Court or on the record, upon which the Court could grant a judgment against the defendant for $600. It was a judgment without allegation, pleadings, or proof. There was no appearance by the defendant, in person, or by attorney; no jury was impannelled, and no bond, account, or claim exhibited. The appearance docket conflicts with the minute docket,—one showing a judgment by default, the other, a judgment by consent,—the consent of whom? for the record does not show any appearance by the defendant. We are satisfied from the evidence of the clerk that no pleadings were actually filed, and that the entries on the docket were made by or under the direction of the plaintiff, and that in point of fact no judgment was ever rendered by the knowledge or sanction of the Judge presiding. It was irregular and

ought to be set aside. It is not a case falling under § 133 of the Code, where the motion must be made in one year from the rendition of the judgment. An irregular judgment may be set aside at any time. *Mabry* v. *Erwin,* 78 N. C., 46; *Cowles* v. *Hayes,* 69 N. C., 406; *Keaton* v. *Banks,* 10 Ire., 381.

The motion should have been granted, and the parties allowed to plead.

Error.                                             Reversed.