VICK & MEBANE v. WILLIAM P. POPE and wife.

*Practice—Married Woman—Vacating Irregular Judgment.*

1. The absence of a complaint will not make a judgment irregular where the specialty sued on is filed as a substitute and the summons specifies the amount claimed.

2. Where husband and wife are sued together on their joint obligation, it is the duty of the husband to defend for both, and to set up the wife's disability in a proper case ; and if he fail to do so, the wife cannot have the judgment against her set aside on the ground of her incompetency to contract.

3. A judgment against a married woman appearing in the suit by counsel of her husband's selection, is as binding as one against any other person, unless it be obtained by the fraudulent combination of the husband with the adverse litigant.

4. The party aggrieved by an irregular judgment must move to vacate the same before the rights of innocent third persons have intervened.

(*Leach* v. *R. R. Co*, 65 N. C., 486; *Frazier* v. *Felton*, 1 Hawks., 231; *Green* v. *Branton*, 1 Dev. Eq., 504; *Keaton* v. *Banks*, 10 Ire., 381; *Monroe* v. *Whitted*, 79 N. C., 508; *Winslow* v. *Anderson*, 3 Dev. & Bat., 9, cited and approved.)

MOTION in the Cause to vacate a Judgment heard at Spring Term, 1878, of NEW HANOVER Superior Court, before *Eure, J.*

This motion was made by the *feme* defendant to set aside a judgment obtained by the plaintiffs against the defendants upon the ground that the note on which the judgment was taken was executed by her jointly with her husband, and that the consideration thereof was not in any way for her

separate use or benefit, and contained no charge upon her separate estate; that execution has been issued and is now in the hands of the sheriff who threatens to levy upon the separate estate of the petitioner. Upon these and the additional facts set out in the opinion of this court, the judge below ordered the judgment to be vacated as to the *feme* defendant, and the assignee of plaintiffs appealed.

*Messrs. Merrimon, Fuller & Ashe,* for plaintiffs:

The motion is too late unless the judgment is irregular, C. C. P., § 133; *Askew* v. *Capehart,* 79 N. C., 17; *Monroe* v. *Whitted, Ibid.,* 508; *Skinner* v. *Moore,* 2 Dev. & Bat., 138. Defendant suggests it is irregular and can be set aside at any time because the wife could not make the contract; but the wife had the power to make the contract with the written consent of her husband. Bat. Rev., ch. 59, § 17. And the note being their joint and several note is made with his written assent. Even if contract as to wife should be held invalid, it does not invalidate the judgment from which an appeal might have been taken for error in law; this was not done, and the determination of the rights of the parties is *final.* C. C. P., § 216. The judgment in such case would be *erroneous* merely, and not *irregular,* and motion to set it aside must be within twelve months. Nor is it irregular to give judgment against husband and wife; they appear by their attorney. *Frazier* v. *Felton,* 1 Hawks., 231. And the judgment binds both. *Green* v. *Branton,* 1 Dev. Eq., 504.

*Mr. D. L. Russell,* for defendants.

SMITH, C. J. On the 6th day of April, 1875, the plaintiffs sued out a summons against the defendants returnable to spring term, wherein is demanded the sum of $1,456, with

interest from March 30th, 1874, which was duly served on both and returned.

The cause was thereupon docketed, and the defendants' attorney entered an appearance for them. No complaint or other pleading was filed, but instead thereof, the promissory note of the defendants for the same principal money and with like interest as described in the summons.

The cause was continued till fall term following, when, on motion in open court, judgment was entered up against the defendants. The judgment has since been assigned to the First National Bank of Wilmington, at whose instance execution has issued.

The defendants, on the 15th day of March, 1878, moved to set aside the judgment, and meanwhile for a restraining order upon their affidavit, the material facts set out in which are the following: That the *feme* defendant was a married woman when jointly with her husband she executed the note, and that the consideration thereof enured wholly to his benefit, and not to the benefit of herself or of her separate estate; that it contained no charge upon her separate property, and that she was not a free-trader. Nothing further is alleged to impeach the validity of the transaction or the regularity of the proceedings in the action, terminating in the judgment, and no objection urged except that growing out of the disabilities incident to her coverture.

On hearing the motion, the court ordered the judgment to be vacated and set aside as to the *feme* defendant, and from this judgment the assignee appeals.

1. It is obvious no relief can be obtained under section 133 C. C. P., because the motion is not made in apt time, and the facts contained in the affidavit do not constitute a case of "mistake, inadvertence, surprise or excusable neglect" on the part of either defendant. We have so often had occasion to advert to this section that nothing further need be said as to its proper construction. The argument

in support of the ruling of the court is not derived from that section, but is put entirely upon these grounds : first, the incapacity of the *feme* defendant to enter into the contract, and secondly, irregularity and error in the judgment itself.

Any just defences either party may have had against a recovery on the note, was available while the action was pending, and might then have been set up. It was too late, after the judgment was entered and the opportunity thus lost, to complain or to seek redress by reopening the matter.

They had their day in court, and for two terms failed to suggest, by plea or otherwise, any objection to the claim, of the nature of which they were fully advised by the summons, and their attorney by the production of the note itself before, as well as at the time when judgment was given. The absence of a complaint is not such a defect as to invalidate the judgment, and it was properly entered for the amount and interest claimed in the summons and specified in the note, the foundation of the action. *Leach* v. *R. R. Co.*, 65 N. C., 486 ; C. C. P., § 217.

This disposes of the first objection and shuts off all enquiry into the character of the transaction, the circumstances under which, and for whose benefit, the security was given.

2. The second point made is that the proceeding in the action is irregular, and the judgment erroneous, and as such liable to be set aside.

The new system of practice requires that "when a married woman is a party, her husband must be joined with her," except that, first, " when the action concerns her separate property she may sue alone," and, secondly, " when the action is between herself and her husband, she may sue alone, and in no case need she prosecute or defend by a guardian or next friend." C. C. P., § 56.

The summons must be served on the husband as well as on the wife, when the action is intended to subject her or

her separate estate to liability, and he is allowed on motion, and with her consent, which we must assume to have been given to warrant the action of the court, and because no suggestion to the contrary appears in the affidavit, "to defend the same in her name and behalf." Bat. Rev., ch. 69, § 15.

It is manifest that to her husband's management and protection are entrusted the interests of the wife in an adversary suit, and in the absence of collusion or fraud on his part with the plaintiff, the judgment must be conclusive as to antecedent matters, and as effectual as in other cases. More especially must this be so, since the law dispenses with a guardian or *prochein ami*, and now leaves to them alone to set up and establish any defence that either may have against the plaintiff's demand. If it were otherwise, how could a valid judgment ever be obtained against a married woman, and how could her liability be tested? If she is disabled from resisting a false claim, how can she prosecute an action for her own benefit, when nothing definite is determined by the result? It is no sufficient answer to say that the defendant's execution of the note with her husband did not bind her. The judgment conclusively establishes the obligation, and such facts must be assumed to exist as warranted its rendition, inasmuch as neither coverture nor any other defence was set up in opposition to defeat it. As then a married woman may sue and with her husband be sued on contracts, they and each of them must at the proper time resist the recovery as other defendants, and their failure to do so must be attended with the same consequences. The duty of making defence for both or either now devolves upon the husband alone, and he must employ counsel to make such defence effectual and in proper form.

3. An appearance by attorney for both husband and wife is legal and proper, and therefore, says TAYLOR, C. J., " if an action be brought against husband and wife, if the husband

appear by attorney, he shall enter an appearance for both;" and he adds, that this may be done when the wife is under age, "because the husband may by law make an attorney and appear both for himself and wife." *Frazier* v. *Felton*, 1 Hawks., 231.

"Married women," says RUFFIN, J., in a case where relief was sought in the court of equity, "are barred by judgments at law as much as other persons with the single exception of judgments allowed by the fraud of the husband in combination with another;" and referring to the allegation of its injustice and wrong, he adds: "that was a thing that might have been shown on the trial at law, and therefore cannot itself be heard now. She must charge and prove that she was prevented from a fair trial at law, by collusion between her adversary and her husband, preceding or at the trial." *Green* v. *Branton*, 1 Dev. Eq., 504.

The present application has in it no such meritorious element as would have entitled the *feme* defendant to relief in equity, and it does not call for nor authorize the interposition of this court, in the manner proposed.

It is true an irregular judgment, not taken according to the course of the court, may be set aside and reformed at any time as has been often held. *Keaton* v. *Banks*, 10 Ire., 381; *Monroe* v. *Whitted*, 79 N. C., 508, and numerous other cases. While the judgment sought to be set aside is neither erroneous nor irregular, if it were irregular, the motion should have been made in a reasonable time, and not after its transfer to an innocent holder for full value with nothing upon its face nor in the record to indicate any infirmity. *Winslow* v. *Anderson*, 3 Dev. & Bat., 9.

We think, therefore, the ruling of the court was not warranted by any facts contained in the affidavit and the judgment ought not to have been disturbed for any of the causes assigned.

Error.                                                        Reversed.