EMILY NEVILLE v. J. R. POPE.

*Coverture—Jurisdiction of Justices of the Peace—Injunction—*
*Pleading—Irregular Judgments.*

1. A *feme covert* may be sued in the court of a justice of the peace, for a debt due by her, or on a contract made by her before marriage, or for a debt contracted by her as a free-trader.

2. In an action to enjoin the collection of a judgment on the ground of want of jurisdiction in the court which rendered it, a transcript of the record should be set out, so that the court can see from the record itself, whether or not there was a fatal lack of jurisdiction.

3. Where the court has jurisdiction, errors in the judgment cannot be corrected by an injunction, but only by appeal, except where fraud is alleged.

4. Where it is sought to enjoin the collection of a judgment on the ground of want of jurisdiction in the court which rendered it, every presumption is in favor of the jurisdiction, and it must be made to appear affirmatively from the record, that the court had no jurisdiction.

5. A motion in the cause is the proper remedy for setting aside an irregular judgment.

6. Where a *feme covert* was sued with her husband, whom she instructed to make a proper defence to the action, which he failed to do : *It was held*, no ground for an injunction to restrain the collection of . the judgment, in the absence of fraud.

7. The defence of coverture must be made in apt time in order to be available.

(*Vass* v. *The Building Association,* 91 N. C., 55; *Grantham* v. *Kennedy, Ibid.,* 148; *Spillman* v. *Williams, Ibid.,* 483; *Williamson* v. *Hartman,* 92 N. C., 236; *Burgess* v. *Kirby,* 94 N. C., 575; *Nicholson* v. *Cox,* 83 N. C., 48; *Vick* v. *Pope,* 81 N. C., 22; cited and approved; *Dougherty* v. *Sprinkle,* 88 N. C., 300, cited, distinguished and approved).

MOTION to continue an injunction to the hearing, heard by *Philips, Judge,* at Chambers in HALIFAX, on November 18, 1885.

This action is brought to obtain relief by injunction for the causes specified in the verified complaint, the material parts of which are as follows:

" 1. That on the ...... day of October, 1869, she and her husband, Elijah K. Neville, executed their note to one Rosa Pope, in the sum of fifty-five dollars, and that on the 3rd day of August, 1880, the defendant caused a judgment to be rendered on said note against the plaintiff and the said Elijah K. Neville, before John O'Brien, Esq., a justice of the peace of Halifax county, and caused the same to be docketed in the office of the Clerk of the Superior Court of said county, in judgment docket, vol. 4, number 1188, on the said 3rd day of August, 1880.

" 2. That at the time of the execution of said note, and the rendition of said judgment, the plaintiff was a *feme covert* domiciled in Halifax county, and living with her husband, the said Elijah K. Neville, and at the aforesaid times she was not a free-trader, and never has been one.

" 3. That in the trial of said cause before the said justice, the defendant did not allege in his pleadings that the plaintiff was possessed of a separate estate, and that the contract was such as the statute renders her competent to make, nor did he allege that it was for her advantage to make said note or contract.

" 4. That the plaintiff instructed her husband, the said Elijah K. Neville, to make the proper defences for her, to appeal from said judgment to the Superior Court, but for some cause, unknown to this plaintiff, he failed so to do."

It is further alleged, that the defendant has caused an exection to be issued upon the judgment mentioned, and is about to require the sheriff to sell a part of a tract of land in which the plaintiff has a life estate, to her "irreparable damage," &c. She demands judgment: .

1. That the defendant, his agents and attorneys, be restrained from selling, disposing of, or in any way interfering with said land.

2. That said judgment be set aside and declared void, and of no effect.

3. For such other relief as may be just and proper, and for costs.

The defendant filed the following affidavit:

" Jacob R. Pope, being duly sworn, says that at the time, before the justice of the peace, when the judgment set out in the complaint was rendered against the plaintiff herein, the defence of *coverture* was not set up, nor was it made to appear to the court that she was a married woman ; nor, as he is informed and believes, was she so described in the summons in said action."

Treating the complaint as an affidavit, the Court, at Chambers, granted a restraining order, and afterwards continued the same as an injunction until the case should be heard upon the merits. From this order the defendant appealed to this Court.

*Messrs. E. T. Banch* and *David Bell,* filed a brief for the Plaintiff.

*Mr. R. O. Burton, Jr.,* for the defendant.

MERRIMON, J. (after stating the facts). It is not true, as seems to be supposed, that the court of a justice of the peace has no jurisdiction in any case of a married woman, and of a cause of action against her, of which that court would ordinarily have jurisdiction, if the party sued were a *feme sole,* or a male person. There is no provision of the constitution, or of any statute of this State, that excepts her from such jurisdiction, nor is the nature of her marital relation such, under existing law, as to exempt her from it in all cases. She may be sued in that court for a debt due from her, or a contract made, or for a wrong done by her before the marriage. The statute, ( *The Code,* §1822–§1823), expressly provides that the husband shall not be liable on such account, and that the

liability of the wife "shall not be impaired or altered by such marriage." And so, also, she may be sued as a "free-trader" under the statute, (*The Code*, §1828). As such, she is allowed to contract and deal as if she were a *feme sole.* And perhaps she may be so sued in some other cases.

The precise nature of the cause of action before the justice of the peace, in which the judgment complained of was given, does not appear, as it should do. A properly certified transcript of the record of that action, including the judgment, ought to have been set forth in the complaint, or attached to it with proper averments, or ought to have accompanied the motion for an injunction, so that the Court could see from the record itself whether or not, in that action, the justice of the peace could, in any view of it and the cause of action, have jurisdiction of the defendant therein; because, if upon the face of the record, the Court had any jurisdiction at all, then any errors of the Court in the course of the action could only be corrected upon appeal, and irregularities corrected, or the judgment set aside for irregularity, by motion in the action. From what appears, it may be that the justice of the peace had jurisdiction and authority to give a judgment. As it is alleged that the defendant in the action was served with a summons, and he assumed jurisdiction, the presumption is that he properly had it, unless it appears from the record itself that he did not, in which case, the judgment would be void.

If the verified complaint in this action be taken as true, it does not appear from it that the justice of the peace had no jurisdiction of the *feme* defendant, the present plaintiff, in the action before him. It is not alleged that the judgment is void, nor do the facts alleged render it so necessarily—that it is, is left to vague inference. In this, and like cases, the material facts should be alleged positively and with precision, and as we have said above, a duly authenticated copy of the record of the action in which the judgment complained of was given, should be produced.

Judgments are serious and important things, and are supposed to have been given by Courts upon mature consideration, and they should not be interfered with for light, trivial and possible causes of objection to them. There should be substantial cause, and this should appear with reasonable certainty to warrant interference with them by injunction or otherwise.

The judgment complained of was not, so far as appears, absolutely void, and thus to be treated everywhere. It may have been erroneous. If so, the party against whom it was given ought to have appealed to the Superior Court, where the error might have been corrected. It may have been, and may be, irregular in material respects. If so, then the remedy would be by motion in the action to set the judgment aside, because of such irregularity. *Vass* v. *Building Association*, 91 N. C., 55; *Grantham* v. *Kennedy, Ibid.*, 148; *Spillman* v. *Williams, Ibid.*, 483; *Williamson* v. *Hartman*, 92 N. C., 236; *Burgess* v. *Kerby*, 94 N. C., 575.

That the plaintiff instructed her husband to make proper defences for her, and to appeal to the Superior Court, if need be, and he failed to do so, is no ground for relief by injunction, in the absence of fraud, and this is not alleged. She might have applied at any time within twelve months next after the judgment was given, to set it aside because of her mistake, inadvertence, surprise or excusable neglect. That she did not, if she had good cause, was her neglect or her misfortune. *Nicholson* v. *Cox*, 83 N. C., 48.

A married woman may sue and be sued, and when sued, must make defence, or her husband, who must be served with the summons served upon her, (*The Code*, §1824,) may, by leave of the Court, with her consent, defend the action in her behalf. If she and he fail to make defence, the Court may give judgment, and it will be effectual and conclusive, although erroneous, until it shall be modified or reversed in the regular course of procedure. In every such case, it must

be assumed that the cause of action sued upon, and the facts appearing, were such as warranted the judgment, in the absence of any defence made at the proper time and in the proper manner. If the *feme covert* could avail herself of the defence of coverture, she ought to have made it in apt time. As she did not, it must be taken that she could not, or that she did not desire or intend to avail herself of it. This was decided in *Vick* v. *Pope*, 81 N. C., 22.

In that case, the plaintiff took judgment by default against the husband and wife, simply filing the note sued upon, without a complaint, the defendants having been served with process, but failing to appear and make defence. In the opinion of the Court, the Chief Justice said : " The judgment conclusively establishes the obligation, and such facts must be assumed to exist as warranted its rendition, inasmuch as neither coverture nor any other defence was set up in opposition, to defeat it. As then, a married woman may sue, and with her husband be sued on contracts, they and each of them must, at the proper time, resist the recovery as the defendants, and their failure to do so, must be attended with the same consequences."

This Court did not decide in that case, that the note executed by the wife was or was not void. It only decided that as she failed to make defence, it must be conclusively taken that the cause of action was such a one as warranted the judgment. And so it must be taken in this case, until the judgment shall be set aside, because of irregularity, or other good cause made to appear in some proper way allowed by law, if this can be done.

The counsel for the plaintiff relied upon and laid great stress upon *Dougherty* v. *Sprinkle*, 88 N. C., 300. In that case, the plaintiff sued a married woman before a justice of the peace, " upon a promise to pay for work done upon premises owned and held as her separate property"; and this Court held that the court of the justice of the peace did not have

NEVILLE *v.* POPE.

jurisdiction, as the promise sued upon was void because of her coverture ; that in such case, the remedy of the plaintiff was in a court of equity, if he had any, and the justice of the peace did not have such jurisdiction. The action was dismissed. But the defendant, the *feme covert*, made defence, pleaded her coverture, and from an adverse judgment appealed, first to the Superior Court, and from a like judgment there, to this Court.

It may be, that if the plaintiff in this case had made defence, pleaded her coverture, and had appealed from the adverse judgment given against her, she would have been successful ; but she did not make defence at all, and as there was judgment against her according to the course of the Court, it must be treated as conclusive that the cause of action, and the facts, were such as warranted the judgment given. The purpose of this action is plainly to obtain equitable relief against an alleged erroneous judgment at law. It is clear that equity will not grant such relief. A court of equity will never set aside or enjoin the enforcement of a judgment at law, on the ground of error or a mistake in granting it. Error or irregularity must be corrected in the way pointed out above. It would be otherwise if fraud were alleged and made the ground of application for the relief sought. *Grantham* v. *Kennedy, supra,* and the authorities there cited.

There is error. The Court ought not to have granted the injunction. To the end the order appealed from may be reversed, and further steps taken in the action according to law, let this opinion be certified to the Superior Court. It is so ordered.

Error.                                        Reversed.