DANIEL G. SMAW v. WM. COHEN et al.

*Jurisdiction—Laborer's Lien—Married Women.*

1. A want of jurisdiction apparent on the record, will be taken notice of by the Supreme Court, although not pointed out by a demurrer.

2. A proceeding under the statute (The Code, §1790), to establish a claim against a *feme covert*, and to have a lien declared for materials furnished, and work and labor done, in erecting a house on her land, must be brought before a Justice of the Peace, if the amount claimed is under two hundred dollars.

3. Where the proceeding is not under the statute, but a civil action, to coerce payment out of the separate estate of a *feme covert*, for her contracts, the Superior Court alone has jurisdiction, although the amount be less than two hundred dollars.

(*Murphy* v. *McNeill*, 82 N. C., 221, and *Fisher* v. *Webb*, 84 N. C., 44, cited and approved. *Dougherty* v. *Sprinkle*, 88 N. C., 300, and *Webster* v. *Laws*, 89 N. C., 224, distinguished and approved).

CIVIL ACTION, tried before *Shepherd, Judge,* at February Term, 1886, of CRAVEN Superior Court.

The action was heard upon complaint and demurrer, and his Honor overruled the demurrer, and the defendant appealed.

No counsel for the plaintiff.
*Mr. W. W. Clark,* for the defendants.

SMITH, C. J.   This action, commenced in the Superior Court of Craven, on November 8th, 1884, is prosecuted to establish a claim against the *feme* defendant, for materials furnished for, and work and labor expended upon certain houses, erected upon lots

belonging to her, in the town of Newbern, and to enforce the statutory lien. The complaint alleges, that he was thus employed by her, through the agency of her husband, the defendant William, and his promise, on her behalf, of payment, and that there is due him therefor, one hundred and thirty-four dollars and interest on that sum. The defendants demur to the complaint, assigning as the grounds thereof, that it does not aver that the indebtedness was incurred, "either for her necessary personal expenses, or for the support of her family, or that it was contracted to pay her debts, existing before marriage, or that it was contracted with the written consent of her husband, or that she was a free trader at the time."

The demurrer was overruled, and time allowed to answer, from which judgment, the defendants appeal.

A preliminary difficulty in the way of proceeding in the cause, arises upon the question of jurisdiction, the sum claimed being less than two hundred dollars, and this we are required to take notice of, whether set up and relied on as a defence or not.

The statute, in terms, provides, that the demand shall be asserted, and the lien given enforced, by proceedings "commenced in the Court of a Justice of the Peace, and in the Superior Court, according to the jurisdiction thereof"—The Code, §1790—and when land is to be sold in enforcing the lien, that the judgment rendered in the Justice's Court, shall be docketed in the Superior Court, whence execution may issue. The Code, §1794.

These directions are positive and explicit, without saying where the indebtedness arises out of the contract of a married woman.

The higher jurisdiction was sought in this case, we presume, in consequence of the ruling in *Dougherty* v. *Sprinkle*, 88 N. C., 300, that the Court of a Justice of the Peace cannot entertain an action against a married woman, upon her promise to pay for work done upon her separate real estate. The ruling is recognized in *Webster* v. *Laws*, decided at the next term, 89 N. C., 224.

The decision has reference to contracts generally entered into by married women, and their enforcement against their separate estates. They are held to be obligatory, not upon the contracting *feme covert* personally, but upon her separate estate, and as the proceeding is in its nature equitable, as in a bill for foreclosure of a mortgage, the relief could not be had in a Justice's Court, as is held in *Murphy* v. *McNeill*, 82 N. C., 221, and in *Fisher* v. *Webb*, 84 N. C., 44.

But the present action, though instituted as well to enforce the lien, as to establish the debt to which it attaches, is, by the law, required to be prosecuted in the Court having jurisdiction, according to the amount claimed under the contract, and in no other. The statute must control and modify the general rule, as laid down in those cases, and as it denies jurisdiction in the Superior Court for the sum demanded, we cannot assume and undertake to exercise it. The action must be dismissed, for want of original jurisdiction in the Superior Court.

Error.                                                    Dismissed.