JAMES L. MORING et als. v. W. G. LITTLE et als.

## Undertaking on Appeal.

1. Where it appears that the undertaking on appeal was taken by the Judge, it cures any irregularity in the justification.
2. So, where the case on appeal stated, "Bond fixed at $50. Bond filed," which was signed by the trial Judge, *it was held*, to cure any defect in the justification.

(*Gruber* v. *The Railroad*, 92 N. C., 1, cited and approved).

This was a motion by the plaintiffs, to reinstate an appeal, dismissed at the February Term, 1886, of this Court.

The motion was entered at the last Term, and heard at the October Term, 1886.

The facts appear in the opinion.

No counsel for the plaintiffs.

*Mr. Hugh F. Murray*, for the defendants.

SMITH, C. J. The appeal in this case was, at the last Term, on motion of ·appellees' counsel, dismissed, for an alleged insufficient justification of the undertaking, and at the same time, a motion was made to reinstate on the docket, the hearing of which was, by consent, deferred to the present Term. It has now been argued, and our attention called to the concluding part of the case stated by the Court, which was inadvertently overlooked when the order of dismission was made:

"Plaintiffs appealed to the Supreme Court. Notice of appeal waived. Bond on appeal fixed at fifty dollars. Bond filed.

H. G. CONNOR,<br>
<em>Judge 3d Jud. Dist.</em>"

The case falls directly within the ruling in *Gruber* v. *Railroad Co.*, 92 N. C., 1, where it is held, that words almost precisely the same, were a waiver of the strict statutory requirement, when found in the case prepared or adopted by the Court. The case must be re instated on the docket, and stand for trial at the next Term.

<em>It is so ordered.</em>