RUTHERFORD *v.* RAY.

L. A. RUTHERFORD and wife v. MRS. L. P. RAY, extrx., et al.

(Filed 1 April, 1908)..

1. Lands—Suits—Quieting Title—Removing Cloud Upon Title.

Under Revisal, sec. 1589, a suit may be instituted by any person against any other person claiming an interest adverse to his title for the purpose of quieting it or removing a cloud therefrom.

2. Judgments—Justice of the Peace—Collateral Attack—Coverture—Innocent Purchasers.

To successfully attack a judgment rendered by a justice of the peace collaterally, upon the ground of coverture, the fact of coverture must appear upon the face of the record in the former action upon which the judgment was rendered, or it must have been pleaded therein; especially so as against a stranger or an innocent purchaser for value under the execution upon the judgment.

3. Appeal and Error—Jurisdiction of Parties—Supreme Court—Record Examined.

When the question is properly presented, the Supreme Court will examine the entire record, on appeal, to ascertain if jurisdiction of the parties to an action commenced before a justice of the peace has been acquired.

4. Appeal and Error—Objections and Exceptions, When Necessary.

Questions relating to procedure, admissibility of evidence and the like can only be reviewed on appeal in the Supreme Court when objections and exceptions are taken at the time.

5. Jurisdiction—Justice's Court—Process—Summons—Service—Different County.

A justice of the peace cannot acquire jurisdiction of the person by issuing summons to another county, when one or more *bona fide* defendants do not reside in his own county, and the defendant has done no voluntary act to confer it. (The questions of mere jurisdiction of the parties and venue discussed and distinguished).

6. Judgments, Void—Collateral Attack—Justice's Court—Jurisdiction of Parties.

A judgment rendered by a justice of the peace upon a summons wrongfully issued to another county is void and may be collaterally attacked.

7. Jurisdiction—Justice's Court—Lands—Liens—Proceedings Quasi in Rem.

A justice of the peace can acquire no jurisdiction of the person served with process in the wrong county by virtue of a lien filed

on his land situated in the county in which the justice resides, upon the ground that the proceedings are *quasi in rem* and the judgment rendered affected the sale of the land under the lien upon it.

8. **Judgment—Justice's Court—Transcript—Jurisdiction Shown—Purchaser for Value.**

The transcript of a justice's judgment should show jurisdictional facts for the protection of purchasers of real property sold under execution thereon. When the transcript shows affirmatively that no jurisdiction had been acquired, the defense that the purchaser is one for value, etc., cannot be sustained.

CLARK, C. J., dissenting, *arguendo.*

ACTION tried before *Jones, J.,* and a jury, at October Term, 1907, of CUMBERLAND.

This action is prosecuted by the *feme* plaintiff for the purpose of quieting and removing a cloud from the title to her separate real estate. The undisputed facts as disclosed by the record are: The *feme* plaintiff was, on 21 February, 1895, the owner of the real estate described in the complaint, being a lot in the city of Fayetteville. The deed under which she claims recites a consideration of $150. On the said day Poe & Co. filed in the office of the Clerk of the Superior Court of Cumberland County an itemized account reciting that "Mr. .L. A. Rutherford bought of Poe & Co." certain brick, the price whereof aggregated $45. He also filed notice of lien "against the said L. A. Rutherford and Nancy A. Rutherford for material furnished on the dwelling of said L. A. and Nancy A. Rutherford, as per bill of particulars herewith filed and attached." On 21 March, 1895, W. D. Gaster, a justice of the peace in Cumberland County, issued a summons directed to the Sheriff of Robeson County in behalf of Poe & Co. and against "L. A. Rutherford and Nancy A. Rutherford," commanding them to appear at his office in Fayetteville 4 April, 1895. The Clerk of the Superior Court of Cumberland County duly certified that Gaster was a justice of the peace in said county. The summons was served on L. A. and Nancy A. Rutherford by the Sheriff of Robe-

RUTHERFORD *v.* RAY.

son County.   On the return day judgment was entered by
Gaster, justice of the peace, against defendant for $45, in-
terest and costs, no appearance having been made.   It was
also adjudged that the judgment constituted a lien "on a
house and lot and material," etc.   A transcript of this judg-
ment was docketed on the judgment docket of the Superior
Court of Cumberland County and execution issued thereon,
directed to the Sheriff of said county, on 1 October, 1895.
The Sheriff made return on said execution that he had sold
the lot at public auction to N. W. Ray for the sum of $75,
which he applied to the payment of the execution and cost,
and that he paid the balance on another execution against
defendants.   The Sheriff executed a deed to the purchaser.
At the time the lien was filed, and at all times since, the *feme*
plaintiff was a married woman.   It does not appear from the
record in what county she and her husband resided at the time
the summons was issued and served.   She has been in the
continuous possession of the lot since the sale by the Sheriff.
Mr. Ray, the purchaser, died, devising the lot to his wife, one
of the defendants herein.   The *feme* plaintiff alleges that the
judgment of the justice and the sale were void, because she
was a married woman.   She demands judgment that the deed
be declared void, etc.   The only issues submitted to the jury
were directed to the question of the *feme* plaintiff's marriage
and her ownership of the lot.   His Honor directed the jury,
if they found the facts to be as testified to by the witnesses,
to answer both issues "Yes."   Defendants excepted.   Judg-
ment on the verdict, and appeal.

   *Rose & Rose* and *E. S. Wooten* for plaintiffs.
   *Charles W. Broadfoot, John W. Hinsdale* and *Shepherd &
Shepherd* for defendants.

   CONNOR, J.   The action is brought pursuant to the pro-
visions of chapter 6, Laws 1893; Revisal, sec. 1589.   This
statute was intended, and properly framed for that purpose,

to permit any person to institute an action against any other
person claiming an adverse interest in land to have his title
quieted and any cloud thereon removed.    The purpose of the
statute was to avoid the difficulties encountered by plaintiff in
*Busbee v. Lewis,* 85 N. C., 332.    The complaint attacks the
validity of the judgment because of *feme* plaintiff's coverture.
She encounters the difficulty in this aspect of the case that it
does not appear upon the face of the record in the case of
*Poe v. Rutherford* in the justice's court that the *feme* plain-
tiff was under coverture, nor is there any plea of coverture.
This was necessary to enable the *feme* plaintiff to attack the
judgment collaterally.    *Neville v. Pope,* 95 N. C., 346;
*Green v. Ballard,* 116 N. C., 146.    We concur with defendants
that, in the absence of any indication on the record that
Nancy Rutherford was a married woman or of any plea of
coverture, the judgment is not void.    Certainly it is not so
against a stranger who purchases land sold under an execution
issued upon it.    The counsel for defendants insist that we
are confined to the objection made by plaintiffs, and that, fail-
ing to sustain this contention, we should reverse the judg-
ment.    The plaintiffs, on the contrary, contend that an inspec-
tion of the record in the case of *Poe & Co. v. Rutherford* dis-
closes that the justice never acquired any jurisdiction of the
parties.    We think it our duty in such a case to examine the
entire record, and if any fatal defect going to the jurisdiction
is disclosed to so adjudge it.    There are matters pertaining
to the mode of procedure, admissibility of testimony and such
like questions raised by rulings of the court which can be pre-
sented only by exceptions duly taken during the trial.    The
*feme* plaintiff insists that the justice never acquired jurisdic-
tion of her person, the summons having been issued to a
county other than that in which she lived.    It seems that
chapter 63, section 50, Bat. Rev., as construed in *Sossamer v.
Hinson,* 72 N. C., 578, authorized a justice of the peace,
"when one or more of the defendants resided out of his

county," to issue summons to such county, etc. As noticed in *Lilly v. Purcell,* 78 N. C., 82, the law was changed by the act of 1876-'77, ch. 287, by providing that "No process shall be issued by any justice of the peace to any county other than his own unless one or more *bona fide* defendants shall reside inside of his county and one or more *bona fide* defendants shall reside outside his county, in which case only he may issue process to any county in which such nonresident defendant resides." The statute in this form was made section 871, The Code 1883, and so continued without amendment until incorporated into section 1447 of the Revisal 1905, when the summons was issued and served on the present *feme* plaintiff in the action of *Poe & Co. v. Rutherford.* Was the judgment, in the absence of any appearance by her, void or only irregular? If the justice acquired jurisdiction of the person, and the only objection to his procedure was that the *venue* was wrong, we concur with the defendants' counsel that it cannot be attacked in this action. The distinction between process running out of the Superior Courts, having in respect to the counties of the State general jurisdiction, and from a justice's court, with limited jurisdiction, is obvious. In the former an action brought in some other than the proper county may be removed or, upon failure of defendant to ask for an order of removal, tried in the county in which the action was brought. It is a question of *venue* and not of jurisdiction. Revisal, sec. 425. A justice, having no jurisdiction to issue process running out of his county, is confined to the statutory method of acquiring jurisdiction of the person. The language of the statute expressly restricts his power to acquire jurisdiction by sending process out of his county unless one or more *bona fide* defendants reside in and one or more reside out of the county. In the record before us it is obvious that no defendant in the case resided in Cumberland County. The justice therefore had no power to issue summons to Robeson County, and therefore acquired no jurisdiction of the per-

147—17

sons of the defendants by doing so. It is elementary that a judgment *in personam* against a person who is *sui juris,* when no process has been served or service accepted and no voluntary appearance is made, and these facts appear on the record, is void and may be attacked collaterally. *Doyle v. Brown,* 72 N. C., 393; *Whitehurst v. Transportation Co.,* 109 N. C., 342, and many other cases. It is apparent from the record that no such summons as the justice had authority to issue was served upon defendants; hence no jurisdiction of their persons was acquired and the justice had no power to render the judgment.

It is suggested by the learned counsel for defendants herein that the action to enforce a lien for material furnished for building is a proceeding *quasi in rem* and that the general statutory provisions regarding jurisdiction of the person do not apply. In *Smaw v. Cohen,* 95 N. C., 85, it is held that the justice has jurisdiction of an action to enforce a lien against the property of a married woman if the sum demanded is less than $200. This decision is based upon the language of the statute. It will be observed that the statute uses the words "according to the jurisdiction thereof." It cannot be that the Legislature intended by this indirect method to extend the jurisdiction of justices of the peace to issue summons, in actions to enforce liens, to any county in the State. We think that sufficient force was given the language of the statute in the enlargement of their jurisdiction by the decision in *Smaw v. Cohen, supra..* In respect to the statutes limiting their jurisdiction in issuing summons to other counties no change could have been contemplated or made.

The statement of the case in *McMinn v. Hamilton,* 77 N. C., 301, shows that the justice, the plaintiff and defendant resided in the same county and that the summons issued to that county. The defendant appeared and defended the action. He had administered in another county. The decision was clearly correct, and with all possible deference we

are unable to see how it in the slightest degree militates against the conclusion reached by us. We do not think that an action to enforce the lien given for "material furnished" is a proceeding *quasi in rem*. The debt is the personal liability founded upon contract; the action is to recover judgment for the debt. The lien attaches, is filed and enforced as directed by the statute for the security and payment of the judgment obtained on the debt. We are therefore of the opinion that the judgment rendered in the action of *Poe v. Rutherford* by the justice was void and that the purchaser at the sale under the execution acquired no title.

We note that the "bill of particulars" filed shows no liability of the *feme* defendant, and that the plaintiffs did not prove their claim as required by Rule 8, section 1464, Revisal, which provides "that when a defendant does not appear and answer the plaintiff must still prove his case before he can recover." It may be that the law would presume that this was done or that the failure to do it rendered the judgment erroneous or irregular, but not void. In view of the fact that upon docketing a transcript of the judgment in the Superior Court a lien upon land is acquired and title passed under execution sale, it would seem that for the protection of purchasers jurisdictional facts should be made to appear upon the transcript. It is uniformly held that if such facts appear on the record of judgments rendered by courts of general jurisdiction the purchaser is not required to look further, but is protected. Here the jurisdictional facts do not appear upon the justice's record. On the contrary, it does appear that the justice had no jurisdiction. Upon an inspection of the entire record we concur with his Honor's ruling. There is

No Error.

CLARK, C. J., dissenting: In *Greene v. Branton,* 16 N. C., 504, *Ruffin, C. J.,* says: "Married women are barred by judgments at law as much as other persons, with the single exception of judgments allowed by the fraud of the husband in

combination with another.   *   *   *   She must charge and prove that she was prevented from a. fair trial at law by col-lusion between her 'adversary and her husband preceding or at the trial." In *Vick v. Pope,* 81 N. C., 22, *Smith, C. J.,* quoting *Ruffin, C. J.,* in *Greene v. Branton, supra,* and *Tay-lor, C. J.,* in *Frazier v. Fellon,* 8 N. C., 231, says: "If it were otherwise, how could a valid judgment ever be obtained against a married woman and how could her liability be tested?   *   *   *   The judgment conclusively establishes the obligation, and such facts must be assumed to exist as war-ranted its rendition, inasmuch as neither coverture nor any other defense was set up in opposition to defeat it." And in *Neville v. Pope,* 95 N. C., 346, *Judge Merrimon* reaffirmed what the other three Chief Justices had said. In that case a judgment had been taken against a married woman before a justice of the peace, and in the action brought to set aside the judgment the plaintiff laid stress upon *Dougherty v. Sprinkle,* 88 N. C., 300, in which it had been held that such action could not ordinarily be maintained in a justice's court; but the Court said: "It may be that if the plaintiff in this case had made defense, pleaded her coverture and had appealed from the adverse judgment given against her, she would have been successful; but she did not make defense at all, and as there was judgment against her according to the course of the court it must be treated as conclusive that the cause of action and the facts were such as warranted the judgment." In *Grantham v. Kennedy,* 91 N. C., 148, the same learned Judge, quoting the same authorities, said: "Married women and infants are estopped by judgments in actions to which they are parties in the same manner as persons *sui juris."* *Vick v. Pope* was strongly endorsed by *Dillard, J.,* in *Nicholson v. Cox,* 83 N. C., 53. Both *Vick v. Pope* and *Neville v. Pope, supra,* have been cited in *Wilcox v. Arnold,* 116 N. C., 711; in *Patterson v. Gooch,* 108 N. C., 503, and in many other cases.

In *Neville v. Pope, supra,* there was a direct attack by a
motion in the cause alleging that the justice of the peace had
no jurisdiction of an action against a married woman by
reason of the ruling in *Dougherty v. Sprinkle,* 88 N. C., 300,
but the Court held that the objection could not be taken after
verdict.    This is not an action against the plaintiff in the
original cause to assail the judgment, but it is an action col-
laterally to remove cloud on title against an innocent pur-
chaser at an execution sale.    For a stronger reason, there-
fore, the judgment cannot be assailed thus collaterally on the
ground of irregular service in the wrong county.    The jus-
tice had jurisdiction of the amount and of the subject-matter,
and the defendants were served with process.    The Constitu-
tion fixes the jurisdiction of a justice of the peace, and this
cause was within it.    The Constitution does not forbid service
of a justice's summons outside the county.    Up to the act of
1876 it could be and was done.    *Sossamer v. Hinson,* 72
N. C., 378.    That act did not change the jurisdiction, but
affected and restricted the *venue.*    Service outside the county
thereafter was irregular, not void.    The defendants, having
been served with a summons from a justice of the peace while
in another county, should have made objection at the trial.
Not having done so, as was said in *Vick v. Pope,* 81 N. C., 22,
"the judgment conclusively establishes the obligation," and,
as was later said in *Neville v. Pope,* 95 N. C., 346, as there
was judgment against her, she having interposed no objection,
it must be treated as conclusive.    The justice had jurisdic-
tion to declare the lien and give judgment.    *Smaw v. Cohen,*
95 N. C., 85.

A judgment cannot be impeached collaterally on the ground
that one recited in the pleadings and judgment as a party was
not in fact made a party.    *Weeks v. McPhail,* 128 N. C., 133,
citing *Doyle v. Brown,* 72 N. C., 393, and many other cases.
In the latter case the matter was fully decided, and it was
held that if the record showed that one was served with process

when in fact he was not the judgment was conclusive till attacked by direct proceeding. This case has been very often approved. See annotations thereto in the annotated reprint of 72 N. C., 396. In *Whitehurst v. Transportation Co.,* 109 N. C., 344, the Court held that when a summons before a justice of the peace purports to have been served when it was not the judgment is not void, and the remedy is not in the Superior Court, but by motion in the cause. To the same effect *King v. Railroad,* 112 N. C., 319.

In *Cherry v. Lilly,* 113 N. C., 26, it was held that one justice of the peace could not issue a writ returnable before another justice of the peace (as here he could not issue to another county), yet, if the summons so issued was served and no objection taken, the judgment was valid.

That a judgment cannot be assailed collaterally, as here attempted, is well settled, and the doctrine is nowhere better stated than by *Mr. Justice Walker* in *Rackley v. Roberts, ante,* 201. The following quotation therein made and approved from *Sutton v. Schonwald,* 86 N. C., 198, is exactly in point: "Purchasers should be able to rely upon the judgments and decrees of the courts of the country, and though they know of their liability to be reversed, yet they have a right, so long as they stand, to presume that they have been rightly and regularly rendered, and they are not expected to take notice of the errors of the court or laches of parties. A contrary doctrine would be fatal to judicial sales and the values of titles derived under them, as no one would buy at prices at all approximating the true value of property if he supposed that his title might at some distant day be declared void because of some irregularity in the proceeding altogether unsuspected by him and of which he had no opportunity to inform himself. Under the operation of this rule occasional instances of hardship may occur, but a different one would much more certainly result in mischievous consequences and the general sacrifice of property sold by order of the court.

Hence it is that a purchaser who is no party to the proceedings is not bound to look beyond the decree if the facts necessary to give the court jurisdiction appear on the face of the proceedings. *If the jurisdiction has been improvidently exercised it is not to be corrected at his expense who had a right to rely upon the order of the court as an authority emanating from a competent source, so much being due to the sanctily of judicial proceedings.*"

Besides this well-settled and most essential principle, it so happens that we have a precedent "on all fours" with this and exactly in point. In *McMinn v. Hamilton,* 77 N. C., 301 (which has been often cited since), the defendant was sued officially as an administrator by service on him of a summons of a justice of the peace in another county than that where he had qualified and in which latter alone he could be sued. It was held that, not having made the objection at the trial that a justice of that county could not have his summons served on him, it was waived and it could not avail even on an appeal direct to the Superior Court. The Court holds distinctly that this is a defect of *venue* and not of jurisdiction.