## J. S. ROBINSON v. Mrs. H. H. JARRETT.

(Filed 28 May, 1912.)

**Married Women — Contracts — Necessaries—Support of Family— Justice's Courts—Jurisdiction—Equity.**

A recovery may be had against a married woman, as if she were a *feme sole*, in a justice of the peace court for a debt incurred by her for her necessary personal expenses, or for the support of the family, by plain implication from the language of the Revisal, sec. 2094; and the doctrine requiring a suit of an equitable nature to bind her separate property has no application in such instances.

HOKE, J., dissenting.

APPEAL from *Webb, J.,* at November Term, 1911, of MACON.

Civil action. The following issues were submitted to the jury:

1. Is the defendant indebted to the plaintiff? Answer: Yes.
2. If so, what amount? Answer: $21.31.

From the judgment rendered, the plaintiff appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*Johnston & Horne for the plaintiff.*
*J. F. Ray and R. D. Sisk for the defendant.*

BROWN, J. This action was brought before a justice of the peace against the defendant for the recovery of $200, alleged to be for necessaries of life furnished to the defendant for the use of herself and her immediate family. This is the only assignment of error. The defendant offered no evidence.

The evidence of the plaintiff tends to prove that the defendant had brought suit against her husband in October, 1909, for divorce from bed and board. At Spring Term, 1910, the plaintiff amended her complaint, charging adultery upon the part of the husband, and obtained a judgment for divorce *a vinculo,* 7 May, 1910. This action was instituted 11 June, 1911.

The plaintiff's evidence tended to prove that the defendant had purchased a part of the goods, to wit, $21.31, after the decree of divorce was entered. His Honor held that the justice

of the peace had no jurisdiction as to the remainder of the debt, and directed the jury to enter a verdict for $21.31. The plaintiff excepted and appealed.

·The evidence offered for the plaintiff tended to prove that the entire debt, except the aforesaid $21.31, for which the suit was brought, was incurred by the defendant pending the divorce proceedings between herself and her husband, for the necessaries of life for herself and her family, for food and clothing.

The evidence also tended to prove that for some time prior to the institution of the divorce proceedings the defendant and her husband had not lived together as man and wife; and that the defendant had contracted debts for the necessaries of life for the support of herself and children.

We are of opinion that his Honor erred in holding that the justice of the peace had no jurisdiction. It is true that it has been held in a great many cases that a justice of the peace has no jurisdiction to render a judgment against a married woman upon a contract entered into with the written consent of her husband, and that the remedy is to proceed in equity in the Superior Court to charge the separate estate of the married woman, if the facts justify. *Dougherty v. Sprinkle,* 88 N. C., 301; *Flaum v. Wallace,* 103 N. C., 298; *Bank v. Benbow,* 150 N. C., 784.

These cases proceed upon the theory that at law a married woman is incapacitated to bind herself personally, and hence her contract will not be enforced against her *in personam,* but equity will so far recognize it as to make it bind her separate estate, and will proceed *in rem* against it. The law regards such estate as a sort of artificial person, created by the courts of equity, and that the estate is debtor and liable for her engagements. *Dougherty v. Sprinkle, supra.*

The statute, Revisal, sec. 2094, prohibited, prior to the act of 1911, a married woman during coverture from making any contract affecting her real or personal estate without the written consent of her husband, unless she be a free trader.

In this statute there are two notable exceptions, and these are: debts for her necessary personal expenses or for the support of her family, and such as may be necessary in order to

pay her debts existing before marriage. These two exceptions are recognized in *Bank v. Benbow, supra,* and as to them the *feme covert* has always had, since the passage of the statute, unrestricted power to contract as if she was a *feme sole.*

It is upon this principle that the case of *Neville v. Pope,* 95 N. C., 346, and similar cases were decided, and it is based upon one of the exceptions contained in the statute. In that case it is held that a *feme covert* may be sued in the court of a justice of the peace for a debt due by her, or on a contract made by her before marriage, or for a debt contracted by her as a free trader.

We base our decision upon a construction of the statute, Revisal, sec. 2094, which gives by plain implication to a married woman the unqualified and unrestricted right to contract for necessaries for the support of herself and family, which contract may be enforced to the same extent and by the same courts as if she were a *feme sole.*

New trial.

HOKE, J., dissenting: Whatever might be my opinion if it were an open question, I think the disposition made of the present appeal is contrary to every decision of the Court construing the statute regulating the contracts of married women since same was enacted by the Legislature of 1871-72, chapter 119, beginning with *Pippen v. Wesson,* 74 N. C., 437. The question as to subsequent transactions having ceased to be of importance by reason of the Martin act, chapter 109, Public Laws 1911, it would serve no good purpose to make extensive reference to the cases or the reasons upon which they were made to rest. I therefore enter my dissent without further comment.