LOWER CREEK DRAINAGE COMMISSIONERS v. J. W. SPARKS ET AL.

(Filed 19 May, 1920.)

**1. Courts—Jurisdiction—Justices of the Peace—Appeal—Superior Courts.**

An appeal to the Superior Court from a justice of the peace confers only derivative jurisdiction on the Superior Court, depending entirely upon that of the justice's court from which the action was appealed, and in the absence thereof the Superior Court can acquire none.

**2. Drainage Districts — Statutes — Liens — Actions— Courts— Personal Judgments—Proceedings in Rem—Contracts.**

The lien upon the land of the owner in a drainage district when the amount of the assessment has been ascertained in accordance with the provisions of ch. 96, Public Laws of 1909, is by section 4 thereof, upon the lands designated, with right of action in the collector to enforce the lien, by subjecting thereto the land to be benefited or rendered more

productive, making the land the debtor, and not the owner thereof, and no personal judgment can be obtained against him, the action being exclusively *in rem*, and not founded on contract.

3. **Constitutional Law—Courts—Jurisdiction—Actions—Justices of the Peace—Proceedings in Rem—Appeal—Superior Court.**

Art. 4, sec. 27, of our State Constitution, by limiting the jurisdiction of justices of the peace to the sum of two hundred dollars in civil actions founded on contract, and in other civil actions to fifty dollars, value of property, deprives the Legislature of the authority to confer on justices' courts jurisdiction in actions to enforce a lien upon lands for assessment for benefits to the lands in a drainage district, such proceedings being against the land alone as the debtor, and there being no contractual relations between the owner and the drainage district formed under the statute, ch. 96, Public Laws of 1909; and the justice's court being excluded from exercising jurisdiction of this subject-matter, none can be acquired thereof by the Superior Court on appeal therefrom.

APPEAL by plaintiff from *Harding, J.,* at the December Term, 1919, of BURKE.

This is an action commenced before a justice of the peace, and heard in the Superior Court on appeal, to enforce an assessment against the lands of the defendants, levied by the commissioners of Lower Creek Drainage District under ch. 96, Public Laws 1909, which, after providing for the assessment, says, in sec. 4: "The assessment so levied shall constitute a lien upon the lands so assessed only, which shall be the lands designated by said freeholders in their report as injured or rendered less productive as aforesaid; and the said collector shall be empowered · to bring an action in the name of the corporation to enforce said lien by subjecting the land intended to be benefited by rendering it more productive, either in the Superior Court or before a justice of the peace, and the court having jurisdiction of the amount due shall have power, upon summons served upon any of said landowners, as prescribed in cases where actions are brought to enforce money demands where said landowners shall fail to pay such assessment on or before 1 December of the year in which such assessment shall have power to adjudge that such assessment shall constitute a lien on the land assessed, and that the sheriff of the county shall sell the said land assessed to satisfy such assessment upon it, and the cost of the action so brought to enforce it; provided, however, that either the plaintiff or the defendant in such action shall have the right to appeal, as provided by law in other cases, upon giving bond in the sum of a hundred dollars."

The justice rendered judgment in favor of the defendants, and the plaintiff appealed, and in the Superior Court the action was dismissed for want of jurisdiction, and the plaintiff again appealed.

*Mark Squires, R. L. Huffman, and S. J. Ervin for plaintiff.*
*Spainhour & Mull for defendant.*

ALLEN, J.  The jurisdiction of the Superior Court on appeal from a justice of the peace is derivative, not original, and if the justice has no jurisdiction of the action the Superior Court has none.

This has been decided many times in our Court.

In *Boyette v. Vaughan,* 85 N. C., 365, the Court said, in a unanimous opinion: "It is the jurisdiction of the justice of the peace which, on appeal, gives jurisdiction to the Superior Court, and of course if the justice had no jurisdiction, the Superior Court could have none"; and again, in *Ijames v. McClamroch,* 92 N. C., 365: "The jurisdiction of the Superior Court in appeals from justice's courts, is entirely derivative.  If the justice in such cases has no jurisdiction of the action, the Superior Court can derive none by the appeal."

Both of these cases were cited and approved in *Robeson v. Hodges,* 105 N. C., 49, in an opinion written by *Chief Justice Clark,* in which he quotes from the first that "It is the jurisdiction of the justice of the peace which, on appeal, gives jurisdiction to the Superior Court, and, of course, if the justice had no jurisdiction the Superior Court could have none, and, therefore, by allowing an amendment in the transcript, which enlarges the cause of action beyond the jurisdiction of the justice it must necessarily oust itself of jurisdiction"; and the same learned judge concurred in the opinion written by *Chief Justice Furches* in *S. v. Wiseman,* 131 N. C., 795, in which it was said: "In cases where bills are found in the Superior Court, its jurisdiction is original.  But in cases of appeal from justices of the peace its jurisdiction is derivative, and it has no more or greater jurisdiction than the justice of the peace had; and if the justice had none, the Superior Court had none."

*Hoke, J.,* says, in *Cheese Co. v. Pipkin,* 155 N. C., 396: "The cause having originated in the court of a justice of the peace, questions of jurisdiction must be considered and determined in reference to that fact, and numerous and repeated cases with us are to the effect 'That the jurisdiction of the Superior Court on appeals from a justice of the peace is entirely derivative, and if the justice had no jurisdiction, in an action as it was before him, the Superior Court can derive none by amendment.' *Ijames v. McClamrock,* 92 N. C., 362.  A principle fully approved by the present *Chief Justice,* delivering the opinion of the Court in *Robeson v. Hodges,* 105 N. C., 49, and reaffirmed and applied at the present term in *Wilson v. Ins. Co.,* 155 N. C., 173.

All of these authorities are cited and approved in *McLaurin v. McIntyre,* 167 N. C., 353.

The question, therefore, presented by the appeal is, Did the justice have jurisdiction of the action?

The Constitution of the State (Art. IV, sec. 27) limits the jurisdiction of justices in civil matters to "civil actions founded on contract wherein the sum demanded shall not exceed two hundred dollars," and authorizes the General Assembly to confer jurisdiction in "other civil actions wherein the value of the property in controversy does not exceed fifty dollars," and as there is neither allegation nor proof of any contract between the plaintiff and defendants as the foundation of the action, and there is no property in controversy, but simply the question of liability for an assessment, the justice had no jurisdiction.

Assessments are sustained upon the ground of benefit to the property, which is the debtor, and not the owner of the property.

"The lien of the charges for drainage is not a debt of the owner of the land therein, but is a charge solely upon the land, and accrues *pari passu* with the benefits as they shall accrue thereafter. They are not liens until they successively fall due, and are presumed to be paid out of the increased productiveness and other benefits as they accrue from time to time. These assessments are to be levied from time to time to pay, not the indebtedness of the owner of any tract, but to pay the bonded indebtedness of the district." *Pate v. Banks,* 178 N. C., 141.

This case also notes the distinction between assessments and laborer's and mechanic's liens, which must have a debt on which a personal judgment may be recovered, to rest on, the last being represented by *Smaw v. Cohen,* 95 N. C., 85; *Weathers v. Borders,* 124 N. C., 610, in which the plaintiff relies, and holds that, "These 'public charges' are entirely different from a mortgage which is to secure an indebtedness of the mortgagor for a benefit such as money borrowed, or other purpose, already received, nor like the laborer's or mechanic's lien, which is for benefit already received, and which is primarily a personal debt of the employer."

It says further, " 'Pavement' assessments, as is said in *Raleigh v. Peace,* 110 N. C., 32, are like these assessments for drainage purposes, being 'founded upon the principle that the land abutting upon the improvement receives a benefit over and above the property of the citizens generally, and should be charged with the value of such peculiar benefits,' and 'do not authorize a personal judgment against the owner of the property,' " thereby approving the decision in *Raleigh v. Peace* that a statute providing for a personal judgment "is invalid," and under the same principle the General Assembly cannot confer jurisdiction on justices denied by the Constitution.

No stronger proof can be produced to show that the plaintiff's cause of action is not "founded on contract" than the statement of our Court

that no personal judgment can be recovered, because we recognize fully, as a part of the obligation of contracts, the right to enforce payment by judgment and executions.

The question is, however, settled against the plaintiff in *Canal Co. v. Whitley,* 172 N. C., 102, which was an action commenced before a justice of the peace to recover an assessment of $45, levied under the drainage laws, in which the Court says, by unanimous opinion, "We are of opinion, however, that this action will not lie, and that the justice of the peace has no jurisdiction to entertain it. It is not a debt, and does not arise *ex contractu.*"

We are therefore of opinion there is no error.

Affirmed.

CLARK, C. J., dissenting: The statute under which this proceeding was instituted is very plain. It provides that the "collector shall be empowered to bring an action in the name of the corporation to enforce said lien by subjecting the land intended to be benefited by rendering it more productive *either in the Superior Court or before a justice of the peace,* and the court having jurisdiction *of the amount due* shall have power, upon summons served upon any of said landowners as prescribed in cases where actions are brought to enforce money demands where said landowners shall fail to pay such assessment, on or before the first of December of the year in which such assessment shall have been levied; and the court on trial shall have power to adjudge that such assessment shall constitute a lien on the land assessed, and that the sheriff of the county shall sell the said land assessed to satisfy such assessment upon it, and the cost of the action so brought to enforce it."

This statute authorizes the Court to declare the assessment a lien, *for the amount,* and if the amount is under $200 the jurisdiction is in the court of the justice of the peace, and if over that amount it is in the Superior Court, and upon the declaration of the lien the sheriff proceeds to sell to collect said sum.

This is precisely the case of *Smaw v. Cohen,* 95 N. C., 87, where the Court held that an action to enforce a lien for materials and work and labor done, which is for less than $200, is in the jurisdiction of a justice of the peace, *Smith, C. J.,* saying: "The present action, though instituted as well to enforce the lien as to establish the debt to which it attaches, is, by the law, required to be prosecuted in the court having jurisdiction, *according to the amount claimed* under the contract and in no other. The statute must control and modify the general rule, as laid down in those cases, and as it denies jurisdiction in the Superior Court for the sum demanded we cannot assume and undertake to exercise it." In *Smaw v. Cohen* the action was to enforce a lien against the

land of a *feme covert* who at that time could not be liable on a contract, but the proceedings to declare the amount of the lien was held to be before the justice of the peace and the sheriff proceeded to collect. That case is exactly on all fours with this.

In *Farthing v. Shields,* 106 N. C., 300, *Shepherd, J.,* said: "*Smaw v. Cohen,* 95 N. C., 85, may be sustained, as to the liability of the separate estate, on the ground that the statute, Code, ch. 41 (liens) directly charges it," which is exactly the case here. This is not an action to collect a debt, but to adjudge the *amount* of the lien, which is within the jurisdiction of the justice, and then the sheriff proceeds to collect.

In *Weathers v. Borders,* 124 N. C., 611, *Furches, J.,* says: "*Smaw v. Cohen* is authority for holding that where the debt sued for is less than $200, the action should be brought before a justice of the peace; and that where the debt is established by the judgment, the statute creates a lien. But where the debt is less than $200, and it is sought to establish an equitable lien, the action must be brought in the Superior Court as a justice of the peace has no equitable jurisdiction."

In *Finger v. Hunter,* 130 N. C., 532, the Court said: "The proceeding being for a lien under $200 was properly brought in the justice's court. *Smaw v. Cohen,* 95 N. C., 85."

In *Harvey v. Johnson,* 133 N. C., 358, *Walker, J.,* says: "The act of 1901 is an amendment to sec. 1781 of the Code, which subjects the property upon which the repairs or improvements are made to a lien. This brings the case directly within the reason for the decision in *Smaw v. Cohen,* 95 N. C., 85. In that case the jurisdiction of the justice was sustained by reason of the express requirement of the statute that a suit against the person to enforce such lien, when the amount is less than $200, shall be brought in a justice's court."

In *Ball v. Paquin,* 140 N. C., 95, *Connor, J.,* says: "In *Smaw v. Cohen,* 95 N. C., 85, it is held that an action against a married woman to enforce a lien for an amount less than $200 was within the jurisdiction of a justice of the peace." In all these cases, as in the present, there was no personal judgment against the defendant, for at that time the Martin Act had not been passed, and it was held that a personal judgment could not be obtained against a married woman.

In *Rutherford v. Ray,* 147 N. C., 258, it is said by *Connor, J.:* "In *Smaw v. Cohen,* 95 N. C., 85, it is held that the justice has jurisdiction of an action to enforce a lien against the property of a married woman if the sum demanded is less than $200. This decision is based upon the language of the statute. It will be observed that the statute uses the words 'according to the jurisdiction thereof.' "

All these cases are exactly in point, for in them no personal judgment could be rendered against the defendant, a married woman, but the

Court sustained the jurisdiction because the amount for which the lien was adjudged was less than $200, and the lien was not equitable, but statutory, and the sheriff proceeded to collect. In those cases, as in this, it was not sought to decree an equitable lien, but the lien was created by the statute, as a result of the final decree establishing the drainage district, and the justice merely adjudged the amount due under the lien.

This renders it unnecessary to consider the other reasons assigned in the opinion of the Court, for if, as these cases hold, the magistrate has jurisdiction the appeal ought not to have been dismissed. Under our practice, the Court does not favor dismissing an action for want of jurisdiction if the Court can sustain it, nor requiring the heavier cost, and the delay, involved by proceeding in the Superior Court when the justice of the peace has jurisdiction of the amount.

Civil causes of action are divided into those on contract and torts. It is this division that is referred to in prescribing the jurisdiction of justices of the peace to "civil actions founded on contract, wherein the sum demanded shall not exceed $200, and wherein the title to real estate shall not be in controversy," and "of other civil actions wherein the value of the property in controversy does not exceed $50." This last was construed in *Malloy v. Fayetteville,* 122 N. C., 480, to authorize justices to take cognizance of actions for damages not exceeding $50 to property. Justices were not given jurisdiction of torts, but that jurisdiction of contracts was not restricted to the narrower meaning of agreements is shown by the fact that indebtedness for a tax, on a lien and under a judgment, are construed to be contracts, though the debtor cannot be said in either case to have agreed to be liable.